■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS JULIA, JR., Appellant.— Appeal by defendant from (1) a judgment of the Supreme Court, Kings County, rendered April 15, 1970, convicting him of grand larceny in the first degree, upon his plea of guilty, and sentencing him to a prison term of two and one-half to five years, and (2) a purported order of the same court, dated April 15, 1971, denying defendant's application for a writ of error *coram nobis*, after a hearing. Judgment reversed, on the law and in the interests of justice, and case remanded to the Criminal Term only for resentencing by another Judge. Appeal from the purported order dismissed. It does not appear that such order was made. An oral decision was rendered at the end of the *coram nobis* hearing. No appeal lies from a decision. During the sentencing of defendant upon his plea of guilty, the court was confronted with prejudicial and intimidating remarks from two total strangers to the proceedings. One of these individuals, the attorney for the complainant, was allowed to discuss matters completely dehors the record in an attempt to protect the interests of his client. The other individual claimed to be associated

with C. B. S. News and charged that he was aware of some "hanky panky" between the court and defendant's attorney. In our opinion, these unsolicited remarks were undoubtedly designed to instill anxiety and to intimidate the court. The effect of the remarks was to becloud the judicial atmosphere and to unbalance the measured process of sentence imposition. "For a Judge, confronted with such an egregious allegation, to sentence fairly and even-handedly the defendant involved, would require superhuman objectivity" (*People* v. *Cappolla*, 34 A D 2d 764). Therefore, in the interests of justice and fairness, we believe that the judgment should be reversed and the case remanded for resentencing. Hopkins, Acting P. J., Gulotta, Brennan and Benjamin, JJ., concur; Martuscello, J., concurs in the dismissal of the appeal from the purported order, but otherwise dissents and votes to affirm the judgment.