■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALTER L. JAMES, JR., Appellant.— Appeals from (1) a judgment of the County Court of Chemung County, rendered November 2, 1973, convicting defendant, upon his plea of guilty, of the crime of criminal possession of a dangerous drug in the fourth degree with a sentence of an indeterminate term of three years at the Elmira Correctional Facility, and (2), by permission of a Justice of this court (CPL 460.15), an order of the County Court of Chemung County entered January 18, 1974, which denied his motion to set aside the sentence imposed by the judgment of November 2, 1973 and for resentence. The defendant does not dispute the validity of his plea of guilty and the sole issue upon these appeals is whether or not he is entitled to resentencing. The sentencing minutes disclose that at the time of sentencing the District Attorney urged the court that unless it found substantial extenuating circumstances, the sentence imposed should not create a great discrepancy as to that imposed in two other related cases. The court then specifically advised the defendant's counsel that he had " a right to make a statement before I pronounce judgment and if you wish you may include in the statement any matter pertaining to any understanding you may have had with the District Attorney's office at the time of plea. I leave that up to you." The defendant's counsel then did make a lengthy statement pleading for probation on behalf of the defendant, however, he made no mention at that time of any type of agreement with the District Attorney in regard to sentencing. The defendant himself did not make any statement on his own behalf. Specifically, the defendant and his counsel made no statement as to any agreement with the District Attorney's office in regard to sentencing and, further, made no objection at the time of sentencing to the District Attorney's statement which in effect urged the court to impose a term of incarceration as opposed to probation. The sentence was imposed on November 2, 1973 and on November 15, 1973 the defendant, by his counsel, moved to set aside and vacate the sentence imposed alleging by affidavit that at the time of sentencing the District Attorney had violated a promise by his predecessor in office made during plea bargaining, that if a guilty plea were entered the District Attorney would not make any recommendation as to sentencing and would in fact acquiesce in whatever recommendation might be made by the Chemung County Probation Department. The order entered by the Chemung County Court denying the motion for resentencing indicates that there was oral argument and that the District Attorney

opposed the motion. Upon this appeal the District Attorney concedes the fact that the promise alleged by the defendant was made by his predecessor in the office of the District Attorney at the time of the guilty plea and joins with the defendant in requesting that the case be remanded for resentencing. Both parties refer to the case of *Santobello* v. *New York* (404 U. S. 257), in which the Supreme Court of the United States held that a promise made by a prosecutor not to recommend or urge any particular sentence and in fact to remain silent in that regard must be enforced to the extent of directing a resentencing. However, in the *Santobello* case the majority decision of the Supreme Court recites that at the time of sentencing, the defendant's counsel objected to the District Attorney's recommendation for a jail sentence and recited for the court the prior agreement of the prosecution not to recommend a sentence. (See, also, *People* v. *Chadwick*, 33 A D 2d 687.) In the present case the defendant and his counsel made no objections at the time of sentencing to the recommendation or statement by the District Attorney although there is no contention that they were not then aware that the alleged promise was being violated. It is to be noted that the alleged promise in no way would limit the power of the trial court to impose whatever sentence was permissible as a matter of law, but consideration should be given to the recommendation of the Probation Department as suggested by the District Attorney. However, as noted hereinabove, the District Attorney has recited in his brief that he is now aware that the particular promise was in fact made by his predecessor and he has joined in urging that the sentence be vacated and the matter remanded for the purpose of resentencing. Upon the present record it would appear that the interests of justice would be best served by granting the motion of the defendant as supported by the District Attorney upon appeal and vacating the sentence and remanding the proceeding for resentencing. The District Attorney has also urged that the resentencing take place before a Judge other than the one who imposed the original sentence to avoid any possible prejudice from the recommendations made at the first sentencing and this appears reasonable to protect the integrity of the plea bargaining process as the present District Attorney of Chemung County perceives the same. Judgment affirmed. Order reversed, in the interest of justice and in the exercise of discretion; sentence vacated and set aside and matter remitted for resentencing by another Judge to be designated in the Chemung County Court by the Administrative Judge in the Sixth Judicial District for such purpose. Herlihy, P. J., Staley, Cooke, Sweeney and Kane, JJ., concur.