■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO J. DI TULLIO, Appellant. — Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered June 12, 1980, convicting defendant upon his plea of guilty of the crimes of bribe receiving in the second degree and official misconduct. Defendant, a former police officer, pleaded guilty to bribe receiving in the second degree and official misconduct after engaging in plea negotiations in which the District Attorney had promised that he would make no statement or take any position at the sentencing proceeding. Although no reference to the promise was entered on the record at the time the plea was taken, the Trial Judge conceded at the sentencing proceeding on June 12, 1980 that he was aware of the promise and that it had been brought to his attention at the time of the plea. After the plea was entered, the District Attorney provided a local television station with photographs and films of defendant perpetrating the crime. These were broadcast on the evening's newscast in a most graphic and spectacular way. The Trial Judge telephoned defense counsel after viewing one of the newscasts and told counsel that because of the adverse publicity generated by the photographs, he felt he could not fairly deal with defendant and he had no alternative but to sentence defendant to jail, probably for the maximum term. On June 9, 1980, defendant moved to withdraw his

guilty plea on the ground that the District Attorney had breached his plea agreement by releasing evidence of the crime to the news media. The motion was denied. The defense then requested that the Judge recuse himself from the case. This request was also denied. The Judge confirmed that the statements made by him to defense counsel after reviewing the television newscast were in fact made, but, he further indicated that on reflection, he felt he was able to overcome the pressure exerted on him by the broadcast and would impose a sentence justified under the circumstances even if the sentence would subject him to public censure. He also indicated that the probation report confirmed that probation was not indicated and he concurred with that judgment based on the recommendation of the probation officer notwithstanding the impact of the broadcast. Defense counsel then requested a deferral of sentence so that he could prepare a presentence memorandum, and also requested that a hearing be held on the accuracy of certain statements contained in the probation report. Defendant denied the accuracy of these statements. After indicating that the statements in issue allegedly made to the probation officer, coupled with her recommendation of incarceration, were the basis for his decision on the sentence, the trial court denied defendant a hearing to challenge the accuracy of the statements and, also, denied a postponement for preparation of a presentence memorandum. Sentence was thereafter pronounced. The maximum term of zero to seven years was imposed for the crime of bribe receiving and a term of one year was imposed for official misconduct. On appeal, defendant urges that the prosecutor's commitment not to influence sentencing was violated by his actions; that the sentencing Judge was biased and should have recused himself from further proceedings, and, finally, that defendant was denied the right to challenge the accuracy of statements attributed to him in the probation report which were crucial to the sentencing decision. Addressing defendant's arguments, we note that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration for the plea, such promise must be fulfilled (*Santobello v New York,* 404 US 257; see, also, *People v Selikoff,* 35 NY2d 227). Since the Trial Judge in the instant case was aware of the sentencing promise and the District Attorney was legally empowered to make such promise, the latter's conduct, even if deemed inadvertent, violates the essence of his promise to take no part in the sentencing. It was aptly noted in *People v Ransom* (55 AD2d 980, 981) that in enforcing plea agreements "[a]ll necessary and reasonable precautions must be employed to eliminate misunderstanding, mistake and deceit, all of which are the allies of injustice". The remedy when a guilty plea is induced by an unfulfilled promise is to enforce the promise or vacate the plea (*People v Frederick,* 45 NY2d 520). The appropriate remedy here is to refer the matter to another Judge for resentencing and to order the prosecutor to abide by his promise. Defendant should also be permitted on resentence to present to the court a presentence memorandum. The challenged statements in the probation report entitle defendant to an opportunity to present relevant matter to resolve any discrepancy. Such material will be of assistance to the court in imposing an appropriate sentence (*People v Perry,* 36 NY2d 114). Judgment modified, on the law and the facts, by vacating the sentence; matter remitted to the County Court of Rensselaer County for resentencing before a different Judge, and, as so modified, affirmed. Sweeney, J. P., Main, Mikoll and Yesawich, Jr., JJ., concur.