■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN T. TRAYNOR, Appellant. — Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered April 26, 1983, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree and grand larceny in the third degree. ¶ On March 23, 1983, defendant withdrew a previous plea of not guilty to an indictment charging him with burglary in the second degree and grand larceny in the third degree, and pleaded guilty to both charges. One month later at sentencing, defendant's motion to withdraw his guilty plea on the ground that he had obtained private counsel to replace the Public Defender was denied, and he was sentenced, as a second felony offender, to concurrent terms of three to six years on the burglary conviction and two to four years on the grand larceny conviction. The sentences were to run concurrently with a

sentence imposed in Columbia County upon his January 4, 1983 plea of guilty to the crime of attempted burglary in the second degree. ¶ On this appeal, defendant first contends that the People failed to comply with the procedures required on predicate felony charges pursuant to CPL 400.21. We agree. Preliminarily, we note that inasmuch as defendant was not sentenced on the Columbia County conviction for attempted burglary in the second degree until after commission of the present offense, that conviction does not constitute a predicate felony conviction for purposes of imposing a second felony offender sentence (Penal Law, § 70.06, subd 1, par [b], cl [ii]). Rather, the predicate felony was a September 1, 1981 third degree burglary indictment and second degree grand larceny conviction. At the time the instant plea was entered, reference was made to the fact that defendant might be a second felony offender, without discussion as to the nature of the underlying prior conviction. At sentencing, the prosecution failed to file with the court a predicate felony information (CPL 400.21, subd 2). Nor did the court satisfy its statutory obligation to confront defendant with, and give him the opportunity to controvert, the prior felony conviction (CPL 400.21, subd 3). Again, the nature of the underlying prior conviction was not discussed. Very clearly, there has not been substantial compliance with CPL 400.21 sufficient to support a waiver of defendant's rights under the statute or to create an estoppel (see *People v Woodard,* 48 AD2d 980, 981). Indeed, the record is virtually barren of any agreed-upon facts to support a second felony offender sentence. Accordingly, as requested by defendant, the sentence should be vacated. ¶ Moreover, due to the confusion evidenced in the record concerning the effect of defendant's predicate felon status on sentencing, we are further of the view that he should be allowed to withdraw his plea of guilty. During the plea proceeding, defense counsel stated that his understanding of the plea bargain was that the court would "impose the minimum sentence for a predicate felon". Examination of the actual sentences imposed confirms that defendant did not receive the minimum sentence for the conviction of grand larceny in the third degree, which should have been one and one-half to three years' imprisonment (Penal Law, § 70.06, subd 3, par [e]; subd 4, par [b]). Nor is it clear that defendant was in any manner informed that he was subject to a mandatory minimum period of imprisonment. It further appears that defendant was erroneously promised that the minimum sentence concerning the burglary conviction would be two to six years' imprisonment (see Penal Law, § 70.06, subd 3, par [c]; subd 4, par [b]). The sentencing minutes show that when the court was apprised that the statutory minimum was three to six years' imprisonment, it abruptly altered the plea bargain to effect compliance with the status of a predicate felon. A defendant's right to performance of a plea bargain may not be denied in such a roughshod fashion (see *People v Jones,* 99 AD2d 1). These circumstances prevailing, defendant's application to withdraw his plea of guilty should be granted and the matter remitted for further proceedings (see *People v Woods,* 50 AD2d 720). ¶ Judgment reversed, on the law and the facts, by vacating the sentence imposed; motion to withdraw plea granted, and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.