ALVIN STEWART, Appellant.—Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered on December 1, 1983, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (See, Anders v California, 386 US 738; People v Saunders, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur—Sandler, J. P., Ross, Asch, Milonas and Ellerin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC BLACKWELL, Appellant.—Judgment, Supreme Court, New York County (Brenda S. Soloff, J.), rendered on February 28, 1984, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (See, Anders v California, 386 US 738; People v Saunders, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur—Sandler, J. P., Ross, Asch, Milonas and Ellerin, JJ. ·

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO COLON, Appellant.—Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered September 26, 1983, convicting defendant of criminal sale of a controlled substance in the fifth degree and sentencing him as a second felony offender to an indeterminate prison term of from 2 to 4 years, unanimously modified, on the law, to the extent of reversing the sentence and vacating the same, and except as thus modified, affirmed, and the matter is remanded for resentence.

Defendant pleaded guilty to criminal sale of a controlled substance in the fifth degree and was sentenced to the minimum permissible legal sentence, 2 to 4 years, on the understanding that he was a second felony offender. However, it is manifest on the record, and the People acknowledge, that the sentence was improper since there was no complete allocution of defendant pursuant to CPL 400.21. In moving to withdraw a prior guilty plea negotiated for a promised sentence of probation on the instant indictment, defense counsel made reference to the fact that the defendant might be a second felony offender. The defendant subsequently entered the plea which resulted in the judgment here on appeal. Yet, at sentencing on the subsequent plea the District Attorney failed to file a predicate felony information. (CPL 400.21 [2].) Nor did the court satisfy the statutory obligation to present the defen-

dant with, and give him an opportunity to challenge, the prior felony conviction. (CPL 400.21 [3]; *People v Traynor,* 101 AD2d 898, 899; *see also, People v Bouyea,* 64 NY2d 1140, 1142.) Accordingly, we vacate the sentence and remand for resentence. Concur—Sandler, J. P., Asch, Kassal and Rosenberger, JJ.