OPINION OF THE COURT
Eugene L. Nicandri, J.
Before the court is an application by counsel for the parents of Katherine Hawelka for leave to make an oral statement at the time of sentencing of the defendant. She was killed in the course of an attempted rape. On August 13, 1987 the defendant entered a plea of guilty to murder in the second degree and is scheduled for sentencing on September 11, 1987. The defendant’s plea of guilty to murder in the second degree was entered without any promise or commitment as to what his *624 sentence would be. A presentence investigation was ordered at the time of his plea.
The application of counsel for the victim’s parents indicates that they are aware that CPL 390.30 provides for a victim impact statement, "but they much prefer that their views with respect to an appropriate sentence be made in open Court before the Defendant at the time of sentencing.” The application states that because of the intensity of the loss suffered by the decedent’s parents at the hands of the defendant that the loss cannot be completely reflected in a written document as contemplated by CPL 390.30 and thus seeks to have counsel heard at sentencing.
CPL 390.30 (3) (b) provides for the scope of the presentence investigation and a report thereon. Specifically, it provides for an analysis of the victim’s version of the offense, the extent of injury to the victim, and the views of the victim relating to disposition. In the case of a homicide, or where the victim is unable to assist in the preparation of the victim impact statement, the information may be acquired from the victim’s family. The clear import of CPL 390.30 is that the New York State Legislature contemplated the victim impact statement as a written document to the mandated presentence report.
The Legislature in adopting CPL 380.50 specified the persons authorized to make oral statements at sentencing. Specifically, the statute requires that the court accord the prosecutor, counsel for the defendant and the defendant the right to make a statement with respect to any matter relevant to the question of sentence.
In providing the opportunity for the victim to bring to the court’s attention relevant matters as to disposition in the section providing for a written document (CPL 390.30) and not providing a similar opportunity in the section authorizing oral statements (CPL 380.50), it is clear that the Legislature intended to avoid an opportunity to "becloud the judicial atmosphere and to unbalance the * * * process of sentence imposition.” (See, People v Julia, 40 AD2d 560, 561 [2d Dept 1972].) The charged atmosphere at sentencing is fraught with the opportunity for someone bent on mischief or with interest in other civil or criminal matters to attempt to intimidate the court, provoke the defendant or generally disrupt the sentencing proceeding.
Based upon the foregoing, the application by counsel for the parents of the deceased victim to make an oral statement at *625 sentencing is denied. However, the court is sensitive to the interest, and in fact, the need of the victim’s family to have input in regard to any disposition. Thus, the applicants are invited to write to the court by contacting the Probation Department, St. Lawrence County, County Courthouse, Canton, New York 13617. Any such communication should reach the Probation Department on or before September 9, 1987.