■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY W. GEORGE, Appellant.—Weiss, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered December 10, 1986, convicting defendant upon his plea of guilty of the crime of attempted sodomy in the second degree.

Pursuant to a negotiated plea bargain, defendant pleaded guilty to a reduced charge of attempted sodomy in the second degree and was thereafter sentenced to an indeterminate term of 1⅓ to 4 years' imprisonment. On this appeal, defendant first maintains that the plea allocution was factually inadequate. Having failed to move to withdraw his plea or to vacate the conviction, this issue has not been preserved for review (see, People v Robideau, 133 AD2d 903). In any event, the record confirms that the plea was knowingly and voluntarily entered into with the advice of counsel (supra).

Defendant further contends that the sentence was erroneously premised on information presented in the presentence report that he suffered from acquired immune deficiency syndrome (AIDS) and that it was unclear whether he was aware of this condition at the time of the subject incident. The

sentencing minutes confirm that defense counsel had an opportunity to review this report and yet voiced no objection. Nor did defendant object. Moreover, County Court specifically stated that the AIDS question was not a factor in its sentencing determination, which was based on the nature of the actual crime. Accordingly, we perceive no impropriety.

Defendant's claim of ineffective assistance of counsel, grounded on the assertion that counsel failed to move to disqualify the prosecuting attorney who ostensibly represented him on an unrelated matter in 1980, is also unavailing. There is no basis in this record indicating that defendant was entitled to any such relief, for no actual prejudice has been demonstrated (see, Matter of Schumer v Holtzman, 60 NY2d 46, 55). We are otherwise convinced that meaningful representation was provided. Finally, the sentence imposed was clearly not excessive.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.