48

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH RAUCCI, Appellant.

Third Department, March 10, 1988

## APPEARANCES OF COUNSEL

*Englert, Stillman & McHugh (Dennis M. Englert* of counsel), for appellant.

*John B. Poersch, District Attorney (Michael T. McGarry* of counsel), for respondent.

## OPINION OF THE COURT

LEVINE, J.

Defendant entered a plea of guilty to the crimes of manslaughter in the first degree and two counts of attempted murder in the second degree in satisfaction of an 11-count indictment. He was thereafter sentenced to three terms of 8⅓ to 25 years' imprisonment; two of which would run concurrently and the third to be served consecutively to the other two. The charges arose out of an incident in which defendant allegedly fired two shots from a shotgun, one into the vehicle in which his estranged wife, Kathy Raucci, and their seven-year-old child were seated, and one at Mark Ferrence, the wife's boyfriend, as he was entering the vehicle. In addition to wounding his wife and Ferrence, the intended victims, one of the shots also struck and killed his son.

As the only condition of the plea bargain, the prosecutor agreed not to make a recommendation at sentencing. A different prosecutor was present at sentencing and, after acknowledging his obligation not to recommend a specific sentence, he outlined the permissible range of sentences which could be imposed and also informed County Court that defendant could be sentenced to consecutive terms of imprisonment. The prosecutor then launched into a lengthy commentary on the four criteria which are normally considered by a court at the time of sentencing, i.e., rehabilitation, isolation of the defendant, deterrence and retribution. The prosecutor informed County Court that, in his view, defendant's potential for rehabilitation was poor and, accordingly, this criterion should not weigh heavily in the court's decision. In commenting upon isolation as a factor, the prosecutor stated: "For the good of society, for the protection of us all, [for the] protection of Kathy Raucci, I urge Your Honor to put heavy emphasize *[sic]* on isolation in the sentencing equation." As to deterrence, the prosecutor declared that "this crime is just about the most extreme known to our society * * * [T]his is conduct which we must deter at all costs, if we don't deter this conduct, then truely *[sic]* the jungle is upon us." And finally, in commenting upon retribution as a factor for the court's consideration, the prosecutor stated: "I would like Your Honor to consider * * * the young life snuffed out, the young tortured body, all those

pellets of lead in it, the fact that [Kathy] Raucci for the rest of her life perhaps would have to carry the scars, the lead in her arm, the heartbreak of watching her child die * * * For Mark Ferrence's sake, [for] Kathy Raucci's sake and most of all for [the child's] sake, I would ask the Court to do justice and impose a sentence which speaks justice."

This diatribe by the prosecutor dramatizing the events of the incident was clearly calculated to persuade County Court to impose the maximum allowable term of imprisonment and, in our view, was the functional equivalent of a sentencing recommendation. Where, as here, a prosecution promise not to recommend a sentence forms part of the basis for a plea bargain, the breach of that promise entitles defendant to either withdraw his plea or to be resentenced (see, Santobello v New York, 404 US 257, 262-263; see also, People v Selikoff, 35 NY2d 227, 239, cert denied 419 US 1122). We also note that further error was committed when defendant's estranged wife, who was present at the sentencing hearing, was allowed to make her own inflammatory oral presentation to the court (see, People v McCarthy, 136 Misc 2d 623; see also, People v Julia, 40 AD2d 560, 561, decision amended 43 AD2d 578, affd 36 NY2d 814). Both of these errors were brought to County Court's attention by the objections of defense counsel. We need not decide whether these objections were sufficient to preserve these issues for appeal since the errors were serious and merit our review in the interest of justice. Accordingly, we find that defendant is entitled to be resentenced by a different Judge.

MAHONEY, P. J., WEISS, HARVEY and MERCURE, JJ., concur.

Judgment modified, as a matter of discretion in the interest of justice, by vacating the sentence; matter remitted to the County Court of Schenectady County for resentencing before a different Judge; and, as so modified, affirmed.