THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEO W. FELMAN, Appellant.

Third Department, June 2, 1988

**APPEARANCES OF COUNSEL**

*Raymond J. Acciardo, Sr.,* for appellant.

*James B. Canfield, District Attorney (Everett A. Mayhew, Jr., of counsel), for respondent.*

### OPINION OF THE COURT

WEISS, J.

In July 1985, defendant was indicted on a charge of falsifying business records in the first degree for having altered the inventory records of his employer, Regan's Steak House and Seafood Restaurant, located in the Town of North Greenbush, Rensselaer County. The indictment related to a scam in which defendant and William Sayers obtained food from an Albany County wholesaler, charged the goods to the restaurant's account and then resold the items for personal profit *(see, People v Felman,* — AD2d — [decided herewith]). Pursuant to a negotiated plea bargain, defendant eventually pleaded guilty as charged and was sentenced as a second felony offender to an indeterminate prison term of 1½ to 3 years, to run concurrently with a 3½-to-7-year sentence imposed the preceding week in Albany County for a conviction of grand larceny in the second degree arising from the same acts *(supra).*

On this appeal, defendant challenges, *inter alia,* the propriety of the plea proceedings and the severity of his sentence. As characterized by the District Attorney's brief, defendant's plea was the product of "labrynthine *[sic]* plea negotiations". The parties entered into a written plea agreement, approved by County Court, by which defendant agreed to plead guilty as charged and to pay restitution in the amount of $15,000. In return, the People agreed that defendant would be allowed to vacate a January 1985 felony conviction of criminal sale of marihuana in the third degree "and replace said conviction with a plea of guilty to a Class A Misdemeanor of Criminal Sale of Marijuana in the Fourth Degree." It was further stipulated that defendant would be placed on five years' probation, during which period full restitution would be made. The agreement was qualified, however, in that the "reopening of [defendant's] prior felony conviction" was contingent on an initial $5,000 payment. Upon the deposit of such moneys, the People agreed to waive any objection to a motion to vacate the prior conviction pursuant to CPL article 440.

According to defendant, the agreement was designed to afford him the option of paying restitution and avoiding a prison term. Both parties apparently recognized, however, that defendant's January 1985 felony marihuana conviction

stood as an obstacle to the plea agreement; a sentence of imprisonment is mandated for a second felony offender (Penal Law § 70.06 [2]). Thus, in order to implement the plea agreement it was essential to vacate the prior felony conviction.

On September 8, 1986, defendant pleaded guilty to the indictment. During the allocution, defense counsel stated that it was his understanding that County Court and the new Assistant District Attorney would abide by the above-described plea agreement. All concurred. At the January 13, 1987 sentencing, defendant, having failed to make the initial $5,000 restitution payment, was sentenced as a predicate felon to a term of 1½ to 3 years' imprisonment, the minimum authorized by law (see, Penal Law § 70.06 [3] [e]; [4] [b]). Notably, no reference was made to the plea agreement, and no attempt was made to controvert the propriety of the plea or the sentence.

Even were we to conclude that defendant failed to preserve the present issues for appeal, we find that the matter warrants review in the interest of justice (see, People v Raucci, 136 AD2d 48, 50; People v Maye, 129 AD2d 204, 205; cf., People v George, 137 AD2d 876). It is fundamental that the breach of a promise made to induce a guilty plea entitles a defendant to either withdraw his plea or be resentenced (People v Raucci, supra). Any promises made must be lawful and appropriate (People v Selikoff, 35 NY2d 227, 238, cert denied 419 US 1122). We do not dispute the propriety of including restitution as an element of the plea agreement (see, People v Felman, supra). The condition relative to vacating the prior felony marihuana conviction, however, was wholly inappropriate. As indicated, vacatur of the prior conviction was essential to implement the promise of no jail time, an unquestionably crucial element of the plea bargain. The prosecutor, however, had no authority to fulfill this promise. The vacatur of the judgment of conviction rests solely in the discretion of the court of conviction upon one of the grounds enumerated in CPL 440.10, each of which evidences a substantial flaw in the judgment being challenged. While the statutory list is not exclusive, and a court retains an inherent authority to address other matters, we perceive no basis upon which to vitiate a judgment simply to implement a subsequent plea bargain agreement. Since the prosecutor lacked the authority to reopen the prior felony conviction, the plea agreement was invalid from its inception (see, People v Selikoff, supra, at 241). This holds true regardless of County Court's approval of the written plea agreement.

Accordingly, we find that defendant is entitled to withdraw his plea of guilty *(see, People v Traynor,* 101 AD2d 898). Having so decided, we need not address defendant's further contentions.

CASEY, J. P. (concurring). It is my opinion that County Court does not have the power to vacate a prior judgment of conviction obtained in that court to accommodate a plea bargain, the sole purpose of which is to avoid the consequences of the second felony offender statute. Accordingly, I agree with the majority that the judgment in this action should be reversed and defendant's guilty plea vacated since the court lacks the authority to fulfill a promise which induced the guilty plea *(see, People v Pinaud,* 132 AD2d 580, *lv denied* 70 NY2d 802).

Conceding that County Court would have the inherent power to correct errors in one of its final judgments, such power of correction is limited to mistakes or irregularities *(cf., People v Minaya,* 54 NY2d 360, *cert denied* 455 US 1024; *Herpe v Herpe,* 225 NY 322) and does not include the inherent power to amend a judgment of conviction in a matter of substance, absent fraud or misrepresentation *(cf., Matter of Lyons v Goldstein,* 290 NY 19). Where, as here, a prior judgment of conviction for a felony has been entered and no appeal has been taken therefrom, the only statutory procedure provided for vacatur of the prior judgment of conviction is a motion pursuant to CPL 440.10. We have held that, "A court does not have unlimited jurisdiction to entertain motions pursuant to CPL 440.10. The motion must be made upon one or more of the eight grounds set forth in the section (CPL 440.10 [1])" *(People v Cooks,* 113 AD2d 975, 976, *affd* 67 NY2d 100). Similarly, the Court of Appeals recently stated, "A posttrial motion to vacate a plea is only warranted when the error is not apparent from the record" *(People v Angelakos,* 70 NY2d 670, 673).

Here, the proposed vacatur of the judgment of conviction was not to be based upon any error, but solely for the purpose of circumventing the requirement of Penal Law § 70.06 (2) in regard to the sentence to be imposed upon a subsequent felony conviction. Plea bargaining is not one of the specified grounds in CPL 440.10 (1); nor is the interest of justice a ground for vacating the prior conviction under CPL 440.10 (1), so an inquiry into the fairness and reasonableness of the plea bargain is irrelevant. It is also noteworthy that CPL 400.21

provides the procedure for determining whether a defendant is a second felony offender, and one of the purposes of that statute is to provide a more timely and convenient alternative to coram nobis with respect to a prior State conviction *(People v Di Giacomo,* 96 AD2d 1127).

Assuming that County Court has some "inherent judicial authority to embrace and address and indeed fashion, as may be necessary and appropriate in a given situation, a post-judgment remedy outside the four corners of [CPL 440.10]" (Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 440.10, at 319), public policy would prohibit the exercise of such authority to vacate a prior conviction solely for the purpose of accommodating a plea bargain in a subsequent felony prosecution. Granting such authority would not only permit the circumvention of the clear and unequivocal legislative mandate embodied in the predicate felony offender statutes, it would also add a new element, ripe with the potential for abuse, to the already complex process of plea bargaining. In addition, there would be constitutional implications in permitting a defendant to plea bargain away a prior felony conviction where the subsequent felony prosecution occurs in the same court as the prior conviction, but denying such a plea bargaining tool to a defendant whose subsequent prosecution is in a different court than that in which the prior conviction was obtained.

For all of these reasons, I concur in the reversal of the judgment and the vacatur of defendant's guilty plea.

LEVINE, J. (dissenting). I respectfully dissent. The plea agreement which was entered into here, to which defendant, the prosecution and County Court were all parties, was a reasonable and fair resolution of the pending charges. Defendant did not have an extensive prior record, and the crime had its genesis in his drug addiction, which, at the time of the criminal proceedings, he was making genuine efforts to overcome. The prosecutor could, therefore, reasonably conclude that the interest of justice would be served by a disposition which would enable defendant to avoid incarceration by making restitution. The prior felony conviction *in the same court* stood in the way of that disposition *(see,* Penal Law § 70.06 [2]). Hence, the agreement was made whereby the prior conviction would be vacated on motion, the guilty plea to the prior felony withdrawn and a plea to a misdemeanor substituted.

The majority holds, nevertheless, that the stipulation was void because it was beyond the power of the prosecutor to agree to a vacatur of the prior felony conviction and that this vitiated defendant's guilty plea pursuant to the stipulation. The majority cites no express statutory prohibition against the prosecutor's agreement to consent to the revocation of the conviction, relying entirely on the fact that such a procedure does not fall within the ambit of the grounds for vacatur under CPL article 440. In my view, however, the absence of any express statutory authority for the District Attorney to move for or consent to the vacatur of a conviction over which he has prosecutorial jurisdiction is not conclusive. To the contrary, such authority falls within the District Attorney's inherent power, unless expressly prohibited by statute.

Historically, as the courts have repeatedly recognized, a prosecuting officer has virtually unfettered discretion in deciding whether, whom and how to prosecute, and limitations on that power are not to be presumed by implication. "The responsibility is upon [the District Attorney] to conduct all prosecutions for crimes triable in his county * * * And for that purpose it would seem that *unless the performance of that duty is restricted by some other statute* it was * * * within his power to do that which was essential to such prosecution; and that is a matter necessarily to a great extent dependent upon his judgment" *(People ex rel. Gardenier v Board of Supervisors,* 134 NY 1, 5 [emphasis supplied]). Similarly, in *Matter of McDonald v Sobel* (272 App Div 455, *affd* 297 NY 679) it was stated: "At common law no part of the power to accuse a person of crime or to prosecute a person for crime was vested in a court. These powers were vested elsewhere. *The power to prosecute crime and control the prosecution,* after formal accusation had been made, was reposed in a prosecuting officer, an Attorney-General or a District Attorney * * * It may not be presumed that the Legislature intended to disrupt the basic general plan for the administration of justice or envelop it in conflict and contradictions by sanctioning change by implication" *(supra,* at 461 [emphasis supplied]).

These inherent, traditional powers have been reaffirmed in more recent times *(see, Matter of Holtzman v Goldman,* 71 NY2d 564, 573; *People v Di Falco,* 44 NY2d 482, 486; *People ex rel. Doe v Beaudoin,* 102 AD2d 359, 365; *People v Mackell,* 47 AD2d 209, 217, *affd* 40 NY2d 59; *People v Harding,* 44 AD2d 800, 801). Accordingly, it has been held that the courts may not interfere with a prosecutor's discretion to refuse to prose-

cute *(Matter of Hassan v Magistrates' Ct.,* 20 Misc 2d 509, *appeal dismissed* 10 AD2d 908, *lv dismissed* 8 NY2d 750, *cert denied* 364 US 844; *see, Inmates of Attica Correctional Facility v Rockefeller,* 477 F2d 375, 380, 382), to consent to the acceptance of a lesser plea *(Matter of McDonald v Sobel, supra)* or to dismiss pending charges in an indictment in order to effectuate a plea bargain *(People v Pettway,* 131 Misc 2d 20, 24). The recognized discretionary authority of the District Attorney to control the prosecution *before* conviction is, in my opinion, indistinguishable from similar authority with respect to postconviction criminal proceedings, such as those at issue here *(see, People v Johnson,* 127 Misc 2d 386, 389).

Of course, the Legislature may limit, and has on occasion restricted, prosecutorial control over criminal disposition by express statutory provision. Certain powers have been transferred to the court (e.g., permission to withdraw a guilty plea) *(see,* CPL 220.60 [3]; *People v Selikoff,* 35 NY2d 227, 241). Other powers by specific legislative provision may only be exercised by the prosecutor in conjunction with the court *(e.g.,* acceptance of a reduced plea [CPL 220.10 (3), (4)]). To the extent that any such statutory limitations on prosecutional discretion are applicable here, however, they are obviated by the fact that County Court itself was also a party to the plea agreement.

I am equally unpersuaded by the rationale for reversal advanced in the concurring opinion, namely, that vacatur of the prior conviction was beyond the power of County Court because it was not based upon one of the grounds set forth in CPL 440.10. Of course, the court could not vacate that conviction without a specific statutory basis if the District Attorney had not moved for or concurred in vacatur *(see, Matter of Holtzman v Goldman, supra; Matter of McDonald v Sobel, supra).* The point is, however, that no express statutory provision prevented County Court, in which the prior conviction occurred, from acceding to the inherent power of the District Attorney to control all phases of the prosecution, including those postconviction *(see, People v Pettway, supra).*

Since in every other respect the points defendant raises on appeal are essentially the same as the contentions made (and rejected) in the companion appeal *(see, People v Felman,* — AD2d — [decided herewith]), I would affirm the judgment of conviction.

MIKOLL and YESAWICH, JR., JJ., concur with WEISS, J.;

Casey, J. P., concurs in a separate opinion; Levine, J., dissents and votes to affirm in an opinion.

Judgment reversed, as a matter of discretion in the interest of justice, defendant's plea of guilty vacated and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this court's decision.