■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTON HENDERSON, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered June 8, 1987, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fifth degree.

In February 1987 defendant was charged in a two-count indictment with criminal sale of a controlled substance in the third degree, a class B felony, along with a misdemeanor possession charge. Pursuant to a negotiated agreement, defendant pleaded guilty to a reduced charge of criminal sale of a controlled substance in the fifth degree, a class D felony, in exchange for a promised sentence of 3 to 6 years in prison. The agreement presupposed that defendant qualified as a predicate felon. During the plea colloquy, defendant acknowledged giving heroin to one Reynolds. On May 8, 1987, the scheduled sentencing date, defendant moved to vacate his guilty plea, indicating that he was now aware of certain defenses. The matter was adjourned pending County Court's review of the plea minutes. On May 18, 1987 the court, after review of the plea minutes, rejected the withdrawal motion but acceded to defense counsel's request to submit a memorandum of law. On May 26, 1987 defendant submitted a written motion to vacate, contending that the agreed-upon sentence was unauthorized since the People failed to establish the existence of a prior felony conviction. On June 8, 1987, while

again denying the vacatur motion, County Court recognized that the agreed sentence could not be imposed because defendant's status as a predicate felon had not been confirmed. Upon a conviction of a class D felony, the minimum component of an indeterminate sentence may not exceed one third of the maximum term imposed (Penal Law § 70.00 [3] [b]). Consequently, the court sentenced defendant to an indeterminate term of 2 to 6 years in prison.

On this appeal, defendant maintains that County Court abused its discretion in refusing to vacate the plea inasmuch as the bargained-for sentence was unauthorized. At first glance, the argument seems implausible for defendant actually received a lesser sentence than bargained for. However, "[i]t is fundamental that the breach of a promise made to induce a guilty plea entitles a defendant to either withdraw his plea or be resentenced" (*People v Felman,* 137 AD2d 341, 343; *see, People v Jones,* 99 AD2d 1). The question here is whether any promises were in fact breached. It is evident that the plea agreement was premised on defendant's potential status as a predicate felon. At sentencing, the People acknowledged that they were not able to demonstrate the existence of a prior felony conviction (*see, People v Harris,* 61 NY2d 9, 15; *cf., People v Bouyea,* 64 NY2d 1140, 1142) and thus the bargained-for sentence, which set the minimum at one half the maximum, was unauthorized (*see,* Penal Law § 70.00 [3] [b]).

We do not, however, agree that a lesser sentence served to breach the plea agreement. The inability to impose a predicate sentence did not undermine the very basis of the plea agreement since the benefits remained intact (*cf., People v Traynor,* 101 AD2d 898). Defendant was charged with a class B felony with a maximum exposure of 8⅓ to 25 years in prison (*see,* Penal Law § 70.00 [2] [b]; [3] [b]) and sought to minimize his prison exposure. This objective was clearly achieved. Moreover, it is difficult to perceive how defendant was misled into believing he qualified as a predicate felon. In our view, the sentence was appropriately reduced to reflect defendant's correct status, and was in accord with the plea agreement.

Nor did defendant otherwise establish a viable basis for vacating the plea. The plea minutes show that defendant, a college graduate, voluntarily entered the plea and specifically discussed any potential defenses, including agency and entrapment, with counsel (*see, People v Pratt,* 99 AD2d 909).

We further conclude that defendant was accorded a reason-

able opportunity to advance his challenge to the plea at the various appearance dates. There is no precise formula for entertaining a motion to withdraw, provided the applicant is accorded a reasonable opportunity to advance his claim (see, People v Frederick, 45 NY2d 520, 524-525; People v Stubbs, 110 AD2d 725, 727). While County Court might better have conducted a more specific interrogation of defendant, the basis for his motion was presented, i.e., that the sentence was illegal and that certain defenses had been discovered (cf., People v White, 137 AD2d 859). As indicated, however, the plea minutes confirm that defendant discussed potential defenses with counsel, and further belie any claim of duress. In the final analysis, County Court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea (see, CPL 220.60 [3]; People v Benoit, 142 AD2d 794; People v Howard, 138 AD2d 525).

Judgment affirmed. Kane, J. P., Weiss, Mikoll, Levine and Mercure, JJ., concur.