■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE PIANTINI, Appellant.—Judgment of the Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered on August 11, 1987, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the second degree and sentencing him, as a second felony offender, to a term of imprisonment of from six years to life, is unanimously affirmed.

Defendant challenges his status as a second felony offender, claiming that his previous conviction in 1985 for first degree attempted burglary was unconstitutionally obtained. In that regard, he contends that the court accepted the plea despite the existence of facts which tended to indicate the possibility of a duress defense, that he never admitted his intent to commit burglary and that the prosecutor failed to honor his agreement to make no recommendation regarding sentence.

However, it is established that while the People are required to demonstrate a prior felony conviction (CPL 400.21 [7] [a]), once this burden has been met, the defendant must then raise and prove allegations that the prior conviction was unconstitutionally obtained (CPL 400.21 [7] [b]). We find that defendant has not met his burden in that respect. Indeed, the record clearly shows that defendant made a tactical decision to waive his defenses and pleaded guilty to the crime in exchange for a promise that he would serve only three additional months in jail. Therefore, it is evident that defendant knowingly waived his rights in order to procure a highly favorable plea bargain and that his plea was properly accepted. As for the assertion that the prosecutor did not honor his agreement to refrain from recommending a sentence, thereby rendering the 1985 conviction invalid, this argument is similarly lacking in merit. Defendant's failure to object at the 1987 sentencing operates as a waiver of this claim, and we, therefore, decline to reach the issue (CPL 400.21 [7] [b]). However, even were we to consider the matter in the interest of justice, we would nonetheless affirm. Defendant's argument concerns the sentencing and does not constitute an attack upon the validity of the plea. Thus, as the Court of Appeals

held in *People v Tindle* (61 NY2d 752), where a prosecutor reneges on a plea-bargaining promise to remain silent at sentencing, the guilty plea and conviction are, nevertheless, valid, and defendant is only entitled to be resentenced. Consequently, defendant's 1985 plea is not defective notwithstanding the prosecutor's failure to adhere to a sentencing promise and may, therefore, be the predicate for a subsequent sentencing. Concur—Ross, J. P., Milonas, Kassal, Wallach and Rubin, JJ.