■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIELO LINARES, Also Known as DANELO, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered April 5, 1990, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fourth degree.

Defendant was out on parole on an unrelated felony when he was arrested and later charged with two counts of criminal sale of a controlled substance in the third degree. Following plea negotiations, defendant agreed to plead guilty to one count of criminal sale of a controlled substance in the fourth degree in full satisfaction of the indictment and an unrelated misdemeanor charge. In exchange, defendant was to be given a prison sentence of 3½ to 7 years. Because defendant was a second felony offender and he had been out on parole for an unfulfilled sentence at the time of the new arrest, it was explained to defendant that his new sentence had to be consecutive to his unfulfilled sentence *(see,* Penal Law § 70.25 [2-a]). Prior to the conclusion of the proceedings defense counsel reserved the right to withdraw the plea if the sentence was not as understood. At sentencing, defendant's attorney was not present and a Legal Aid attorney was substituted. When defendant seemed a little confused by the proceedings, County Court offered to adjourn sentencing until the following Monday when defendant's original attorney could be present. After thinking the matter over, defendant agreed to be sentenced at that time in accordance with the plea bargain. This appeal followed.

Defendant's argument that his plea was neither knowing nor voluntary was not preserved for appellate review because defendant failed to move in County Court to withdraw the plea or vacate the judgment of conviction *(see, People v Strohecker,* 170 AD2d 891; *People v McGourty,* 153 AD2d 991). In any event, our review of the minutes and terms of the plea bargain reveals no basis for reversal on this ground. While defendant correctly states that "the breach of a promise made to induce a guilty plea entitles a defendant to either withdraw his plea or be resentenced" by a different sentencing court *(People v Felman,* 137 AD2d 341, 343, *lv denied* 72 NY2d 918), in this case no promises were in fact breached *(see, People v Henderson,* 145 AD2d 676, 677, *lv denied* 73 NY2d 978). Specifically the consecutive sentence for the agreed-upon crime was clearly stated in the record as required by CPL 220.50 (5). Although it is true that the question of how much jail time defendant might receive as a result of the time he

had already spent in jail was briefly discussed, defendant is incorrect in asserting that County Court made a promise in this respect. In fact, since credit for jail time in defendant's circumstance is provided for by statute (see, Penal Law § 70.30 [3]), no promises could have been made and our review reveals that none in fact were made. We are similarly unpersuaded by the remaining arguments raised in defendant's brief and, therefore, an affirmance is required.

Weiss, J. P., Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the judgment is affirmed.