■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE WALTHOUR, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered November 5, 1990, convicting defendant upon his plea of guilty of three counts of the crime of criminal sale of a controlled substance in the third degree.

On December 18, 1989, defendant was indicted by a Grand Jury on three counts of criminal sale of a controlled substance in the third degree for allegedly selling cocaine on three separate occasions on August 2, 1989, September 20, 1989 and September 21, 1989. Following his arraignment on this indict-

ment, defendant moved to dismiss claiming that his plea in Hudson City Court on December 12, 1989 to unrelated misdemeanor charges precluded his prosecution on the instant indictment. Significantly, as part of the Hudson plea, other unrelated criminal charges pending against defendant in the Town of Greenport were dropped. With respect to defendant's motion to dismiss the December 18, 1989 indictment, defendant contended that because he pleaded guilty at the Hudson plea to "all pending charges", this had to also include the instant felonies even though it is not seriously disputed that the Judge and defendant's own counsel did not know about any potential felony charges. Defendant's whole argument is premised upon the fact that he allegedly asked the prosecutor after the negotiations were concluded if his plea included all "known and unknown" charges and the prosecutor nodded his head. County Court held a hearing on the matter and ultimately denied defendant's motion to dismiss. Defendant pleaded guilty to the felony indictment and this appeal followed.

In our view, County Court clearly did not abuse its discretion in denying defendant's motion to dismiss. The sole witness at the hearing on this matter was the Public Defender who represented defendant at the Hudson proceeding. After reviewing her testimony, we agree with County Court that it was obvious that only actual pending charges against defendant were the subject of the negotiations. Noting the extremely favorable sentence defendant received by pleading to the misdemeanors and having the Hudson and Greenport matters dropped, County Court found it highly implausible that the prosecutor also meant the plea to satisfy all unknown charges of unspecified seriousness that might be brought against defendant in the future. We agree with this assessment. Because the record does not support defendant's claim that a promise was in fact breached by the People (see, e.g., People v Raucci, 136 AD2d 48, 50) or that he was convicted of the subject crimes in violation of his double jeopardy rights, affirmance of defendant's conviction is required.

Weiss, P. J., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.