■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYCE W. HOELTZEL, Appellant. [735 NYS2d 259] —Spain, J. Appeal from a judgment of the County Court of Essex County (Halloran, J.), rendered February 29, 2000, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.

Pursuant to a negotiated plea agreement which included a waiver of the right to appeal, defendant pleaded guilty to the crime of sexual abuse in the first degree in satisfaction of the charges against him. As part of the bargain, the People agreed, on the record, to recommend a sentence of six months in jail and five years' probation. County Court instructed defendant that it was making no commitment regarding sentencing. At the time of sentencing, however, the People asserted to the court that in light of the information contained in the presentence investigation, they would not adhere to their promise to recommend the negotiated sentence and proceeded instead to urge that a state prison sentence be imposed. Defense counsel objected to the prosecutor's conduct in reneging on the promise to make a specific sentencing recommendation. In light of the prosecutor's comments, the court offered defendant the opportunity to move to withdraw his plea but, after conferring with his attorney, defendant declined to do so and elected to proceed with sentencing. County Court then sentenced defendant to a determinate term of four years in prison. Defendant

appeals asserting, inter alia, that the People's failure to adhere to the promised sentencing recommendation requires that his sentence be vacated and the matter be remitted for resentencing before a different judge.

While waivers of appeal are generally enforceable (*see, People v Hidalgo*, 91 NY2d 733, 735; *People v Seaberg*, 74 NY2d 1, 11-12), we cannot agree with the People's contention that defendant's waiver of appeal—which occurred during the plea proceeding as part of a negotiated plea—precludes consideration on appeal of defendant's claims addressed to the People's *subsequent* conduct at the sentencing proceeding, i.e., their postplea violation of the terms of the negotiated plea agreement. That is, defendant did not "knowingly" waive, as part of the plea, his right to challenge on appeal the People's unanticipated change in position and their comments to County Court at sentencing reneging on the plea agreement; thus, we hold that defendant's waiver of appeal does not encompass his right to challenge the sentencing which followed the prosecutorial violation of that agreement (*see, People v Seaberg, supra*; *People v Covell*, 276 AD2d 824, 826; *cf., People v Hidalgo, supra*).

Turning to the merits, it is well settled that "a prosecutor must honor a promise with respect to a sentencing recommendation made during plea negotiations" (*People v Oakes*, 252 AD2d 661, 663; *see, Santobello v New York*, 404 US 257; *People v Tindle*, 61 NY2d 752; *People v Stripling*, 136 AD2d 772, 773). The People's contentions to the contrary notwithstanding, no plausible argument can be made that the People did not violate the promise—made to induce defendant's plea—to recommend a specific sentence. In an established line of cases, the appellate courts of this State have recognized that where, as here, the People violate a plea inducing promise to recommend a particular sentence (or to make no sentencing recommendation), the defendant is entitled to vacatur of the sentence and remittal for resentencing before a different Judge to avoid any possible prejudice from the recommendation made at the original sentencing, and to an order directing the prosecutor to abide by the promise (*see, People v Torres*, 67 NY2d 659; *People v Tindle, supra*, at 754; *People v Oakes, supra*, at 663; *People v Jasiewicz*, 192 AD2d 999; *People v Linares*, 174 AD2d 847, 847, *lv denied* 78 NY2d 969; *People v Muller*, 174 AD2d 838, 839; *People v Felman*, 137 AD2d 341, 343-344; *People v Raucci*, 136 AD2d 48, 50; *People v Di Tullio*, 85 AD2d 783, 784; *People v James*, 45 AD2d 807).

While under some circumstances such a prosecutorial breach

regarding sentencing may also entitle a defendant to withdraw his or her plea (*see, People v Hottois*, 244 AD2d 971; *People v Linares, supra*, at 847; *People v Henderson*, 145 AD2d 676, 677, *lv denied* 73 NY2d 978; *People v Felman, supra*, at 343; *People v Raucci, supra*, at 50), since the guilty plea and conviction usually remain valid, such relief is often not necessary to accord a defendant the benefit of the negotiated bargain, which resentencing before a different Judge would ordinarily accomplish (*see, People v Torres, supra*; *People v Tindle, supra*; *see also, Santobello v New York, supra*, at 262, 263 [leaving to the discretion of the state courts the ultimate relief to which a defendant is entitled when a prosecutor violates a plea agreement regarding a sentencing recommendation]; *People v Piantini*, 161 AD2d 493, 493-494, *lv denied* 76 NY2d 863). Further, in none of the foregoing cases have the courts required defendants to move to withdraw their pleas.

Cardona, P.J., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Essex County for resentencing before a different judge; and, as so modified, affirmed.