■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v UNIQUE JOHNSON, Appellant. [738 NYS2d 632] —Appeal from a judgment of Chautauqua County Court (Ward, J.), entered October 23, 2000, convicting defendant upon his plea of guilty of arson in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the directive that the sentence run "nunc pro tunc since 2-19-00" and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him of arson in the fourth degree (Penal Law § 150.05 [1]), defendant contends that the sentence imposed by County Court is illegal. The court sentenced defendant to a term of imprisonment of 1½ to 3 years, the minimum term permitted for a second felony

offender convicted of a class E felony (*see,* Penal Law § 70.06 [3] [e]; [4] [b]). Because defendant was subject to an undischarged sentence of imprisonment for his conviction of robbery in the second degree, imposed prior to the date on which the arson was committed, the court properly directed that defendant's sentence run consecutively with respect to that undischarged sentence (*see,* Penal Law § 70.25 [2-a]). In an effort to extend jail time credit to defendant for the period in which he was in custody following his arraignment on the instant charge, the court directed that his sentence run nunc pro tunc from February 19, 2000, the date of arraignment. That was error. The calculation of defendant's sentence, including its commencement date and the amount of jail time, if any, to be credited against the sentence, is governed by Penal Law § 70.30, and the court lacked authority to bypass the provisions of that statute (*see, People v Linares,* 174 AD2d 847, 848, *lv denied* 78 NY2d 969). We therefore modify the judgment by vacating the directive that the sentence run "nunc pro tunc since 2-19-00." Present—Green, J.P., Hayes, Hurlbutt, Kehoe and Lawton, JJ.