■ The People of the State of New York, Respondent, v James O. Ryan, Appellant. [831 NYS2d 598]—

Carpinello, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered April 24, 2006, convicting defendant upon his plea of guilty of the crime of petit larceny.

Defendant was indicted for grand larceny in the fourth degree after he stole lottery tickets valued at $2,520. He subsequently waived his right to appeal and pleaded guilty, in satisfaction of the indictment, to petit larceny. County Court thereafter sentenced him to 30 days in jail and three years of probation. Defendant now appeals and we affirm.

Initially, defendant contends that the prosecutor's improper and unduly prejudicial remarks to County Court prior to sentencing enhanced his sentence. While such an allegation is not necessarily foreclosed by defendant's waiver of appeal (*see People v Hoeltzel*, 290 AD2d 587, 588 [2002]), we note that defendant failed to preserve this issue by raising the appropriate objection (*see* CPL 470.05 [2]). Nevertheless, our review of the record confirms that defendant's contention is without merit. Defendant concedes in his brief that the negotiated plea agreement did not provide for any sentencing promises. Further, it did not require the prosecutor to remain silent or abstain from taking a position at the time of sentencing. As such, we cannot conclude that the People violated the terms of the plea agreement or committed any other improprieties.

Defendant next asserts that County Court erred by not adjourning the sentencing hearing in order to allow him to refute information in a letter that had allegedly been submitted to the court indicating that a substantially higher amount of restitution was owed by him. This matter, however, is unpreserved for our review inasmuch as the record is devoid of any objection by defendant or request for an adjournment (*see* CPL 470.05 [2]; *People v Ebert*, 18 AD3d 963, 964 [2005]). Defendant's assertion is, in any event, unavailing given that, contrary to defendant's representation, the record demonstrates that County Court did not read the letter.

Finally, defendant's claim that his sentence was harsh and excessive will not be reviewed in light of his valid appeal waiver,

unchallenged here (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]; *People v Jangrow*, 34 AD3d 991, 992 [2006]).

Mercure, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.