■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL GARCIA, Appellant. [895 NYS2d 546]—

Spain, J.

An indictment was handed down against defendant charging him with two counts of criminal possession of a forged instrument in the second degree, arising from his attempt to withdraw a $2,000 cash advance using a credit card that was not his. Following negotiations, defendant pleaded guilty to both counts and was sentenced to consecutive prison terms of 2⅓ to 7 years. Defendant now appeals.

It is well settled that the People must honor any promise made during plea negotiations with regard to a sentencing recommendation (*see People v Clark*, 61 AD3d 1179, 1182 [2009], *lv denied* 12 NY3d 924 [2009]; *People v Hoeltzel*, 290 AD2d 587, 588 [2002]; *see also Santobello v New York*, 404 US 257, 262-263 [1971]). Here, while discussing a possible negotiated sentence, County Court inquired whether the People would be seeking consecutive sentences for the two counts in the indictment. The People responded that, while defendant was in possession of two credit cards, he only tried to negotiate one of them and, thus, consecutive sentences "might be a stretch," indicating their intent to forgo requesting consecutive sentences. The court appeared to agree, but made no sentence promise. At sentencing, the court recollected that, at the time defendant's plea to the two counts was entered, the "recommended sentence by the [D]istrict [A]ttorney was two and a third to seven years *concurrent*." However, the People, thereafter, argued for consecutive sentences and defendant was so sentenced, over his objection that he was induced to enter his guilty plea by the promise of concurrent sentences.

While defendant waived his right to appeal at the time of the plea, this does not foreclose his claims addressed to the People's *subsequent* failure to honor their plea promise (*see People v Hoeltzel*, 290 AD2d at 588). Under these circumstances, we find that "[the People] almost certainly violated the spirit of the bargain" and, thus, the appropriate course is to remit the matter for resentencing before a different judge to avoid any possible prejudice to defendant from the People's improper argument and recommendation that defendant's sentences be consecutive (*People v Muller*, 174 AD2d 838, 839 [1991]; *see People v Hoeltzel*, 290 AD2d at 588; *People v Oakes*, 252 AD2d 661, 662-663 [1998]).

Mercure, J.P., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Cortland County for resentencing before a different judge; and, as so modified, affirmed.