■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD G. CLINE, Appellant. [912 NYS2d 451]—

Peters, J. Appeals (1) from a judgment of the Supreme Court (Meyer, J.), rendered May 29, 2008 in Essex County, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the third degree and criminal contempt in the first degree, and (2) from a judgment of said court, rendered October 30, 2008 in Essex County, which resentenced defendant.

Defendant pleaded guilty to the crimes of criminal possession of a weapon in the third degree and criminal contempt in the first degree in full satisfaction of a five-count indictment and waived his right to appeal. Pursuant to the plea agreement, the People agreed, on the record, to recommend a sentence of 1 to 3 years in prison. Supreme Court informed defendant that it was making no commitment as to sentencing. At sentencing, the People requested, however, that defendant be sentenced to the maximum amount of time possible under the sentencing guidelines, which was $2^{1}/_{3}$ to 7 years in prison. Over defendant's objection, Supreme Court sentenced defendant to 2 to 6 years in prison on the criminal possession of a weapon count and 1 to 3 years on the criminal contempt count, with the sentences to run consecutively, and defendant was required to pay restitution. Defendant thereafter moved to withdraw his plea and vacate his judgment of conviction. Supreme Court denied the motion to withdraw his plea, but granted the motion to vacate the sentence, solely on the ground that the sentences should run concurrently and not consecutively. The court thereafter resentenced defendant to an aggregate prison term of 2 to 6 years. Defendant now appeals.

Defendant alleges, and the People concede, that the People failed to honor its promise to recommend a 1-to-3-year prison sentence at defendant's sentencing.* Under such circumstances, where "the People violate a plea inducing promise to recommend a particular sentence (or to make no sentencing recommendation), the defendant is entitled to vacatur of the sentence and remittal for resentencing before a different Judge to avoid any possible prejudice from the recommendation made at the original sentencing, and to an order directing the prosecutor to abide by the promise" (*People v Hoeltzel*, 290 AD2d 587, 588 [2002]; *see People v Garcia*, 69 AD3d 1229, 1230 [2010]). In remitting for resentencing, we take no position on the propriety

* Defendant's waiver of his right to appeal does not encompass his right to challenge the People's subsequent violation of the plea agreement by reneging on a sentence recommendation promise (*see People v Garcia*, 69 AD3d 1229, 1230 [2010]).

of the sentence ultimately imposed by Supreme Court and remit merely to avoid any possible prejudice caused defendant by the People's error (*see People v Muller*, 174 AD2d 838, 839 [1991]). Finally, inasmuch as defendant may be returned to his presentence position and still receive the benefit of his bargain, the remedy of entitling defendant to withdraw his plea is not required (*see People v Torres*, 67 NY2d 659, 661 [1986]; *People v Tindle*, 61 NY2d 752, 754 [1984]; *People v Hoeltzel*, 290 AD2d at 588-589).

Mercure, J.P., Rose, Malone Jr. and Garry, JJ., concur. Ordered that the judgments are modified, on the law, by vacating the sentence imposed; matter remitted to the Supreme Court for resentencing before a different judge; and, as so modified, affirmed.