People v Rennie-Russell (2019 NY Slip Op 07444)





People v Rennie-Russell


2019 NY Slip Op 07444


Decided on October 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 17, 2019

109180

[*1]The People of the State of New York, Respondent,
v
Jerontay Rennie-Russell, Appellant.

Calendar Date: October 4, 2019

Before: Garry, P.J., Mulvey, Aarons and Pritzker, JJ.


Andrew Kossover, Public Defender, Kingston (Michael K. Gould of counsel), for appellant.
D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Appeal from a judgment of the County Court of Ulster county (Williams, J.), rendered January 20, 2017, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
In exchange for a sentence of no more than 10 years in prison and five years of postrelease supervision, defendant pleaded guilty to a single-count indictment charging him with criminal possession of a weapon in the second degree and waived his right to appeal. Following a contentious sentencing hearing, defendant was sentenced to a prison term of six years followed by five years of postrelease supervision. Defendant appeals.
Appellate counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal. Based upon our review of the record and defense counsel's brief, we find issues of arguable merit with respect to whether County Court exhibited judicial bias and considered unsubstantiated factors in imposing the sentence, as well as whether the waiver of the right to appeal encompasses the court's subsequent conduct at the sentencing proceeding (see generally People v Garcia, 69 AD3d 1229, 1230 [2010]; People v Ryan, 38 AD3d 1055, 1055 [2007]; People v Vancise, 302 AD2d 864, 864 [2003]; People v Hoeltzel, 290 AD2d 587, 588 [2002]). Therefore, without passing judgment on the ultimate merits of these issues, we grant counsel's request for leave to withdraw and assign new counsel to address these issues and any others that the record may disclose (see People v Beaty, 22 NY3d 490, 492—493 [2014]; People v Stokes, 95 NY2d 633 [2001]; see generally People v Cruwys, 113 AD2d 979, 980 [1985], lv denied 67 NY2d 650 [1986]).
Garry, P.J., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.