John W. Sweeny, J.
This is a CPLR article 78 proceeding in which the petitioner seeks a judgment, in the nature of a writ of mandamus, directing the respondent, District Attorney of Orange County, to resubmit to a Grand Jury the felony case involving the death of petitioner’s brother and another man.
The initial presentation of this case to an Orange County Grand Jury resulted in a direction by that body that the matter be returned to the local Justice Court, where the *1050 matter is now pending, for the prosecution of a nonfelony offense (CPL 190.70).
Because of the horrendous tragedy caused by the act of the defendant, petitioner marshalled additional evidence which allegedly was not presented to the Grand Jury, and requested that the District Attorney seek an order permitting resubmission to another Grand Jury. Since the District Attorney and his predecessor have decided against seeking permission to resubmit the case, the instant proceeding was commenced in order to have this court direct the District Attorney to resubmit the case to the Grand Jury.
It must be pointed out at the outset that we are not involved here with the judicial review normally encompassed by an article 78 proceeding where this court has jurisdiction to direct nondiscretionary actions and to annul, among other things, certain unreasonable discretionary determinations of public boards or officials (CPLR 7803).
The District Attorney is a constitutional officer with quasi-judicial authority who has wide latitude in the discretionary exercise of his duty to prosecute crimes (People v Tassiello, 300 NY 425, 427). "At common law no part of the power to accuse a person of crime or to prosecute a person was vested in a court* * * The power to prosecute crime and control the prosecution, after formal accusation has been made, was reposed in a prosecuting officer, an Attorney-General or a District Attorney” (Matter of McDonald v Sobel, 272 App Div 455, 461, affd 297 NY 679).
As a rule, judicial review of the discretionary decisions of a District Attorney, like the United States Attorney General, his counterpart in the Federal system, is barred by the doctrine of "prosecutorial discretion”.
The court in Matter of Hassan v Magistrates' Court of City of N. Y. (20 Misc 2d 509, app dsmd 10 AD2d 908, mot for lv to app dsmd 8 NY 2d 750, cert den 364 US 844) very thoroughly examined the question of the authority of the courts to order a District Attorney to exercise his discretion to prosecute and concluded that a court does not have the power to substitute its judgment for that of the District Attorney. "For a court to issue a mandate such as here requested would have a most chaotic effect upon the proper administration of justice. Anyone with experience as a prosecuting official knows that innumerable complaints of all kinds — justifiable and unjustifiable — are made to a District Attorney almost daily. If the *1051 petitioner’s proceeding here were held to be maintainable, it would open the door wide for any complainant, where the prosecuting officer decides that it is improper or improvident to prosecute, to ask the civil courts to review the discretion exercised by such prosecuting officer those officials [would] constantly be called into the civil courts to account for and justify their acts, with a consequent possible impairment of the efficiency of their office in the investigation and prosecution of crimes and criminals” (Matter of Hassan, supra, p 515).
As Mr. Justice J. Irwin Shapiro pointed out in Matter of Hassan, the Legislature has invested the District Attorney with the discretion to prosecute and the court should not substitute its judgment for that of an elected official as to the wisdom, propriety or' desirability of instituting a criminal prosecution, the duty to institute which is that of said official.
"[T]he manifold imponderables which enter into the prosecutor’s decision to prosecute or not to prosecute make the choice not readily amenable to judicial supervision” (Inmates of Attica Correctional Facility v Rockefeller, 477 F2d 375, 380).
The Appellate Division of this Department has recently reaffirmed the principle that the duty of a District Attorney to prosecute is clearly not the subject of an action for mandamus (People v Mackell, 47 AD2d 209, 217) and the United States Supreme Court in its recent decision in United States v Nixon (418 US 683, 693), acknowledged that the executive, into which branch of government the District Attorney’s duties fall (Matter of Hassan, supra, p 512; cf. Dunham v Ottinger, 243 NY 423, 432), has "exclusive authority and absolute discretion to decide whether to prosecute a case”.
Essentially, the courts have recognized that as an incident of the constitutional separation of powers, they are not to interfere with the free exercise of the discretionary powers of prosecutors in their control over criminal matters.
Although many of the afore-mentioned cases do not deal specifically with resubmission of cases to Grand Juries, this court believes that the doctrine of "prosecutorial discretion” must be made applicable at this stage of a criminal proceeding as well.
Petitioner’s arguments rely, to a great extent, upon the explicit language of CPL 190.75 (subd 3) which reads, "When a charge has been so dismissed, it may not again be submitted to a grand jury unless the court in its discretion authorizes or *1052 directs the people to resubmit such charge to the same or another grand jury. If in such case the charge is again dismissed, it may not again be submitted to a grand jury.” (Emphasis supplied.)
This court believes that the provisions of this enactment which authorize the court to direct the District Attorney to resubmit a charge to the same or another Grand Jury "when a charge has been so dismissed” by a Grand Jury are inapplicable to the case before the court.
There is no dispute that the criminal matter in question was not dismissed but was ordered back to the local criminal court by the Grand Jury pursuant to the provisions of CPL 190.70. Subdivision 3 of this latter section does not give the court discretion to direct resubmission. On the contrary, it provides that "Upon the filing of such grand jury direction, the court must, unless such direction is insufficient on its face, issue an order approving such direction and ordering the district attorney to file such a prosecutor’s information in a designated local criminal court having trial jurisdiction of the offense or offenses in question.” (Emphasis supplied.)
There is no apparent way for this court to construe the grant of this discretionary judicial authority contained in CPL 190.75 (subd 3), which appears to be a unique exception to the common law, to supersede the mandatory provisions of CPL 190.70 (subd 3). To reiterate, "At common law no part of the power to accuse a person of crime or to prosecute a person for crime was vested in a court. These powers were vested elsewhere. The power to prosecute crime and control the prosecution, after formal accusation had been made, was reposed in a prosecuting officer, an Attorney-General or a District Attorney * * * It must be assumed that the Legislature recognized that when a departure from this basic plan became expedient, it was imperative that an innovation required an explicit grant of power, leaving nothing to implication. It may not be presumed that the Legislature intended to disrupt the basic general plan for the administration of justice or envelop it in conflict and contradictions by sanctioning change by implication.” (Matter of McDonald v Sobel, 272 App Div 455, 461; supra, emphasis supplied.)
It seems clear to this court, therefore, that absent a dismissal by a Grand Jury (CPL 190.75), there is neither common-law nor statutory authority for a court to direct resubmission of a charge to a Grand Jury. *1053 It should also be noted that even if the facts of this case placed it within the provisions of CPL 190.75, the entire scheme of CPL article 190 indicates that the appropriate court in which to seek relief, if it is determined that petitioner has standing, is the Superior Court in this county which is designated to impanel Grand Juries and to which the Grand Jury files its finding of dismissal, viz, the County Court. Any confusion which might have arisen because of the language of section 270 of the predecessor statute, the Code of Criminal Procedure, seems to have been dispelled by the explicit language as well as the scheme of CPL article 190.
Accordingly, for the foregoing reasons, this court, although it can readily understand the petitioner’s feelings and the personal obligation she has assumed to pursue this matter, is bound to and does hereby deny the petition before it.
The stay contained in the order to show cause dated November 21, 1975 shall be continued for five days from the date of entry hereof.
It is suggested that any further proceedings in this matter be made on notice to the defendant in the criminal action.