■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK RUSSO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Suffolk County, rendered April 13, 1978, convicting him of criminal solicitation in the first degree, upon a jury verdict, and sentencing him to an indeterminate prison term not to exceed four years. Judgment affirmed. On this appeal defendant's arguments involve alleged procedural errors, prosecutorial orchestration of the events leading to the crime and an unduly harsh sentence. We find that none of the defendant's contentions merits the reversal of his judgment or a reduction of his sentence. Neither CPL 40.30 (subd 4) nor CPL 40.40 (subds 1, 2) precludes the prosecution of defendant upon an indictment charging criminal solicitation in the first degree, after reversal of an earlier conviction for attempted conspiracy in the first degree and dismissal of that indictment (see *People v Russo,* 57 AD2d 578). Defendant has argued that the order of this court which dismissed the earlier indictment contained no provision authorizing resubmission to a Grand Jury, and, therefore, that the People were barred from seeking a second indictment. This is incorrect. After unsuccessfully seeking leave to appeal further the People moved before this court for the necessary authorization to resubmit to a Grand Jury, and authorization was granted. There is no requirement that the same order which dismisses an indictment grant authorization to resubmit, only that authorization be granted by the same court which orders the dismissal *(People v Shukla,* 44 NY2d 756; *Matter of Haley v Darrigrand,* 64 AD2d 862). Moreover, by appealing from the earlier rendered judgment of conviction and obtaining a dismissal of the indictment for what must be termed a defect "functionally indistinguishable from a declaration of mistrial" *(Lee v United States,* 432 US 23, 31), defendant may not claim that he has been subjected to a second prosecution after a favorable determination on the merits, which would be precluded by double jeopardy principles. Dismissal of the indictment upon defendant's earlier appeal nullified those proceedings and vitiates defendant's CPL 40.40 argument. Defendant also has argued that error occurred in the alleged orchestration of events leading to the crime with which he was charged, and in the court's failure to charge the jury that the prosecution's chief witness, an acknowledged gambler and loan shark turned informer in return for certain parole and other benefits, was an interested party in the proceedings. The record fails to support the defendant's contention, and, in fact, clearly demonstrates that he was predisposed towards the crime and fails to demonstrate that he would have refrained from the commission thereof absent the advice and "assistance" of the informer. Finally, we do not find the sentence imposed excessive. Rather it is apparent that in imposing a lesser sentence than the maximum possible, which maximum was requested

by the People, the court afforded defendant some measure of leniency. Suozzi, J. P., Cohalan, Margett and Martuscello, JJ., concur.