(April 28, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT W. COOK, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered January 20, 1978, convicting defendant upon his plea of guilty of the crime of petit larceny. As a result of an incident which occurred on January 6, 1977, wherein defendant allegedly stole the sum of $250 from his mother, defendant was indicted for the crime of grand larceny in the third degree (Penal Law, § 155.30, subd 1). Thereafter, on December 2, 1977, defendant waived his right to be prosecuted by indictment and, with the consent of the People, the court then authorized the filing of a superior court information charging defendant with the crime of petit larceny (Penal Law, § 155.25) based upon the same underlying facts and circumstances. Defendant immediately pleaded guilty to this lesser charge, and contemporaneously therewith, the indictment against him was dismissed in the interest of justice. Subsequently, on January 20, 1978, he was sentenced in accordance with a plea bargained agreement to a term of probation for one year with the condition that he make restitution for the theft. The instant appeal followed, and we hold that the challenged judgment should be reversed. From an examination of the record and briefs in this case it is apparent that the People wished to have defendant plead to less than a felony given the unusual circumstances presented wherein he was charged with stealing from his own mother. Such a plea was statutorily prohibited, however, because he was a prior felony offender indicted for a felony and, therefore, unable to plead to less than a felony as a complete deposition of the outstanding indictment (CPL 220.30, subd 3, par [b], cl [ii]; see Bellacosa, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 220.35, p 286). Nonetheless, in an obvious attempt to circumvent this statutory prohibition, the court, as noted above, dismissed the indictment in the interest of justice and accepted defendant's plea of guilty to a class A misdemeanor. Clearly, the adoption and use of this unusual procedure cannot be permitted to stand. Not only is it contrary to the statutorily established procedural framework which permits a defendant to waive indictment before, but not, as happened here, after an indictment has

been handed down (CPL 195.10, subd 1), but also, most significantly, approval of the procedure in question would allow the People to evade and subvert the mandatory sentencing provisions established by the Legislature by the improper use of a superior court information (CPL 220.30, subd 3, par [b], cl [ii]). Accordingly, both the filing of the information and the acceptance of the guilty plea were fatally defective. Moreover, since the indictment was dismissed in the interest of justice and there was no application by the People or authorization by the court for the submission of a new charge to the Grand Jury, the dismissal constitutes a bar to further prosecution of defendant for the alleged larceny (CPL 210.20, subd 4; see, also, CPL 210.40, 210.45, subds 8, 9). It should be noted in conclusion, however, that the bar to further prosecution is not necessarily absolute, and it may be that the People can still apply to the court for leave to resubmit the charge against defendant to the Grand Jury (*People v Russo,* 71 AD2d 865; *People v Shukla,* 58 AD2d 879, affd 44 NY2d 756). Judgment reversed, on the law, and superior court information dismissed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.