■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANSELMO SOTO, Also Known as JUNIOR, Appellant. — Judgment unanimously reversed, motion to suppress granted and defendant remanded to Oneida County Court for further proceedings on the indictment. Memorandum: The warrantless entry of the police into defendant's apartment to arrest him for the sale of drugs was unlawful (see *Payton v New York,* 445 US 573) and the contraband seized as a result of the police search of the premises after the arrest must be suppressed. Defendant was arrested upon completion of the sale to an informant who had been equipped by the police with a hidden transmitter. The police monitored the entire transaction via the transmitter and they moved in to make the arrest when the informant broadcasted a prearranged signal. The police had no indication that defendant was aware either that he was dealing with an informant or that the transaction was being monitored, and they had no evidence that defendant was armed or that the informant was in any danger. The arrest was made pursuant to a preconceived plan and not in response to any exigency (see *United States v Velasquez,* 626 F2d 314; cf. *People v Clements,* 37 NY2d 675, cert den *sub nom. Metzger v New York,* 425 US 911). Further, by allowing the informant into his apartment, defendant did not

consent to a police entry. This case is distinguishable from *United States v Ruiz-Altschiller* (694 F2d 1104), *United States v White* (660 F2d 1178) and *United States v Collins* (652 F2d 735, cert den 455 US 906), since the defendant here did not invite an undercover police officer into his residence. After the arrest, search and seizure, the police secured the apartment and sought a search warrant. Thus, the independent source rule (see *People v Arnau,* 58 NY2d 27) has no application, since the evidence had already been seized before the search warrant was obtained (cf. *People v Lee,* 83 AD2d 311, affd 58 NY2d 771). Analysis of the facts here permits only one conclusion: that the evidence seized "was come at by exploitation of the illegal police activity" (*People v Arnau, supra,* p 37) and was the product of the illegal entry of the police into defendant's home. (Appeal from judgment of Oneida County Court, Darrigrand, J. — criminal sale of controlled substance, second degree.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and Schnepp, JJ.