OPINION OF THE COURT
Joseph M. Lane, J.
The court is presented with an issue of apparent first impression in this State. May the District Attorney dismiss certain counts in a pending indictment in order to negotiate a plea with the defendant that conforms with CPL 220.10 limiting plea bargaining?
The defendant was indicted for robbery in the second degree (Penal Law § 160.10 [2]), a class C armed violent felony, grand larceny in the third degree (Penal Law § 155.30) (two counts), a class E nonviolent felony, criminal possession of a weapon in the fourth degree (Penal Law § 265.01), a class A misdemeanor, and criminal use of a firearm in the second degree (Penal Law § 265.08), a class C violent felony.
After extended conferences between the attorneys for the respective sides and the court, on February 1, 1985, the defendant entered a plea of guilty to criminal possession of a weapon in the fourth degree, a class A misdemeanor. Prior to entering the plea the District Attorney, on behalf of the People, dismissed the count of robbery in the second degree and dismissed the count of criminal use of a firearm in the *21 second degree. The District Attorney placed a statement on the record that based upon his investigation the People would be unable at trial to sustain and prove these counts.
Without the dismissal of the above counts, the People would be required, pursuant to CPL 220.10 (5) (d) (ii), to accept pleas of guilty to at least a class D violent felony offense with respect to robbery in the second degree and criminal use of a firearm in the second degree.
The court commenced its research by examining the powers of the District Attorney. The District Attorney is a constitutional officer (NY Const, art XIII, § 13). His powers and duties are "to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he shall be elected or appointed” (County Law § 700 [1]). The District Attorney, in his duty to prosecute crimes, is granted broad discretion, but concomitant with such power is the obligation imposed on the District Attorney to assure a defendant a trial free from infringement of his due process rights (County Law § 927; US Const 14th Amend; People v Bonilla, 101 Misc 2d 146).
The court in People v Lofton (81 Misc 2d 572, 575-576) stated: "The District Attorney is a public officer. His duties are quasi-judicial in nature. His obligation is to protect, not only the public interest, but also the rights of the accused. In the performance of his duties, he must not only be disinterested and impartial, but must also appear to be so (People v Lombard, 4 AD2d 666, 671; People v Fielding, 158 NY 542, 547). His primary duty is to see that justice is done. Because he is presumed to act impartially (People v Fielding, supra, p 547) he has wide latitude to determine whom, whether and how to prosecute (Matter of Johnson v Boldman, 124 Misc 2d 592; Matter of Hassan v Magistrate’s Ct. of the City of N Y., 20 Misc 2d 509, app dsmd 10 AD2d 908, cert den 364 US 844; Matter of Coleman v Lee, 1 Misc 2d 685).”
The court in the Lofton case (supra, at p 576) cited People v Ballard (134 NY 269, 293), that held, if a prosecutor abuses his discretion, "a remedy may be found in his removal from office, or in the election of a successor worthy of the high position.”
The court in People v Harding (44 AD2d 800) observed that the District Attorney has unfettered discretion to prosecute or not to prosecute. The Court of Appeals has also held that, "The responsibility is upon him to conduct all prosecutions for crimes triable in his county” (People ex rel. Gardenier v Board *22 of Supervisors, 134 NY 1, 5). This seminal case succinctly sets forth the powers of the District Attorney as follows: "The responsibility is upon him to conduct all prosecutions for crimes triable in his county * * * And for that purpose it would seem that unless the performance of that duty is restricted by some other statute it was * * * within his power to do that which was essential to such prosecution; and that is a matter necessarily to a great extent dependent upon his judgment.” (Supra, at p 5.)
The court in Matter of Hassan v Magistrate’s Ct. (20 Misc 2d 509) thoroughly examined the question of the authority of courts to order a District Attorney to exercise his discretion to prosecute and concluded that a court does not have the power to substitute its judgment for that of the District Attorney.
In Kerstanski v Shapiro (84 Misc 2d 1049, 1051), the court reaffirmed the principle that: "Essentially, the courts have recognized that as an incident of the constitutional separation of powers, they are not to interfere with the free exercise of the discretionary powers of prosecutors in their control over criminal matters.”
Although the aforementioned cases do not deal specifically with the District Attorney dismissing counts in a pending indictment to satisfy the plea bargaining limitations in CPL 220.10, this court believes that the doctrine of "prosecutorial discretion” must be made applicable at this stage of a criminal proceeding.
In researching the case law, the court was unable to find a case on point. However, a discussion of People v Cook (93 AD2d 942) is useful at this point for the purpose of comparing it with the instant matter.
The appellate court, in People v Cook (supra), held that the plea entered was statutorily prohibited because the defendant was a prior felony offender indicted for a felony and was therefore unable to plead to less than a felony as a complete disposition of the outstanding indictment pursuant to CPL 220.30 (3) (b) (ii).
The case of People v Cook (supra) can be distinguished from the instant matter. In the Cook case, the defendant was indicted for the crime of grand larceny in the third degree (Penal Law § 155.30 [1]) for allegedly stealing a sum of $250 from his mother. Thereafter, defendant waived his right to be prosecuted by indictment and, with the consent of the People, the court then authorized the filing of a superior court infor *23 mation charging defendant with the crime of petit larceny (Penal Law § 155.25) based upon the same underlying facts and circumstances. Defendant then pleaded guilty to petit larceny and the court dismissed the indictment in the interest of justice. The Appellate Division, Third Department, held that the procedure used by the lower court was contrary to the statutorily established procedural framework which permits a defendant to waive indictment before, but not, as happened in that case, after an indictment has been handed down.
In the present case, the court did not dismiss the indictment in its entirety. The court is aware in this instance it has no power to reduce the charge or dismiss the indictment except as provided by CPL 210.20 (1) (b). It was the District Attorney’s office that exercised its discretionary power not to prosecute defendant for the crimes of robbery in the second degree and criminal use of a firearm in the second degree in the pending indictment (see, People ex rel. Gardenier v Board of Supervisors, 134 NY 1, 5, supra).
In addition, the defendant is not a predicate felon and has pleaded to less than a felony in this matter.
However, even if the negotiated plea is not illegal in the instant matter, the preferred procedure to have been followed by the District Attorney’s office, where the parties sought a lesser felony than permitted under CPL 220.10, was for the District Attorney, in the exercise of his discretionary powers, to have resubmitted the case to a new Grand Jury and have obtained a superseding indictment (CPL 200.80) with lesser counts which contained criminal offenses that reflected the wish of the District Attorney.
It is a common practice in the Second Department, and the court presumes in other Departments, for the District Attorney to move to dismiss top counts of indictments in order to expedite the plea bargaining processes, thereby alleviating the backlog of cases and clearing the calendars. This "short cut” procedure is used in effect to circumvent the plea bargaining limitations of CPL 220.10. In practice the great volume of criminal cases makes it impractical for the District Attorney to resubmit a criminal case to a Grand Jury and to obtain a superseding indictment. But expediency should not be utilized at the expense of this recommended procedure.
CPL 220.10 (5) (d) (ii), insofar as it is applicable to this matter, states, as follows:
*24 "The only kinds of plea which may be entered to an indictment are those specified in this section: * * *
"[d] Where the indictment charges a class A felony, other than those defined in article two hundred twenty of the penal law, or charges a class B or class C violent felony offense as defined in subdivision one of section 70.02 of the penal law, then a plea of guilty entered pursuant to subdivision three or four must be as follows: * * *
"(ii) Except as provided in subparagraph (i) of this paragraph, where the indictment charges a class B violent felony offense or a class C violent felony offense, then a plea of guilty must include at least a plea of guilty to a class D violent felony offense”.
A search of the legislative history of CPL 220.10 has shed no light on the issue at hand (L 1982, ch 920; L 1980, ch 548; L 1980, ch 234; L 1980, ch 233; L 1979, ch 411; L 1979, ch 410; L 1978, ch 481; L 1976, ch 480; L 1974, ch 367; L 1973, ch 1051). It is respectfully suggested that the Legislature enact legislation specifically prohibiting the District Attorney from dismissing certain counts in a pending indictment in order that plea bargaining negotiations between the prosecutor and defense counsel may come within the parameters of CPL 220.10, if indeed, that is the intent of the Legislature.
Therefore, until this comes to pass, based upon the enormous discretionary powers of the District Attorney conferred upon that office holder by the Legislature, this court holds that it is legal for the District Attorney to dismiss the charges of robbery in the second degree and criminal use of a firearm in the second degree, counts 1 and 5 of the pending indictment, in order for the plea bargaining agreement to fall within the parameters of CPL 220.10 (5).