■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BOSTON, Appellant.—Judgment, Supreme Court, Bronx County (Robert G. Seewald, J.), rendered July 10, 1986, which convicted defendant, after his plea of guilty, of the crimes of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [2]) and assault in the first degree (Penal Law § 120.10 [1]), and sentenced him to concurrent indeterminate prison terms of 3 to 9 years and 2⅓ to 7 years, respectively, is affirmed.

During the late morning on January 28, 1986, in the vicinity of White Plains Road and East 224th Street, Bronx County, defendant, who at that time was 15 years old, struck Mr. Donald Notice, who attended school with him, with a hammer several times on the head, face, and leg. Shortly after the incident, defendant was arrested for that crime.

By Bronx County indictment number 0901 of 1986, filed March 7, 1986, a Grand Jury charged defendant with the crimes of attempted murder in the second degree, assault in the first degree (two counts), and criminal possession of a weapon in the fourth degree (Penal Law § 265.01).

Following arraignment, with the consent of defendant and his counsel, for pleading purposes only, on June 18, 1986, the People filed superior court information (SCI) number 2852 of 1986, which charged defendant with committing the crime of attempted murder in the second degree. The SCI charged the crime of attempted murder in the second degree under a depraved indifference theory (Penal Law §§ 110.00, 125.25 [2]), while the pending indictment charged that crime under an intentional murder theory (Penal Law §§ 110.00, 125.25 [1]).

Thereafter, Criminal Term questioned defendant about the SCI. In response to those questions, defendant, *inter alia,* in open court, with his counsel present, waived his right to have the People present the charge contained in the SCI to a Grand Jury, expressed his desire to proceed with the SCI, and signed the SCI. Furthermore, defendant's counsel indicated his belief, on the record, that defendant understood the rights he was waiving.

Subsequently, the People, again with the specific consent of defendant and his counsel, moved, for pleading purposes, to consolidate the SCI into the existing indictment, so that the sole count in the SCI would become count five of that document, and Criminal Term granted that motion.

After the consolidation and conferring with his counsel, pursuant to a plea and sentence agreement with the People, defendant pleaded guilty to the crimes of attempted murder in the second degree, under a theory of depraved indifference, and to assault in the first degree in complete satisfaction of the indictment, as consolidated. Our review of the record indicates that the negotiated agreement was based upon the parties' understanding that defendant would be sentenced to two concurrent indeterminate terms of imprisonment for the crimes to which he pleaded guilty. In his plea, defendant admitted, in substance, that on January 28, 1986, he repeat-

edly beat the victim with a hammer about the head, mouth, and legs.

In accordance with the terms of the negotiated agreement, on July 10, 1986, Criminal Term imposed on defendant the negotiated sentence of concurrent indeterminate terms of imprisonment of 3 to 9 years for the attempted murder charge, and 2⅓ to 7 years for the assault charge.

Based upon our examination of the plea transcript we find that the SCI was prepared and consolidated with the indictment in order to meet the defendant's desire not to plead guilty to attempted murder under an intentional murder theory. Moreover, the plea minutes indicate that prior to pleading guilty, the defendant informed the court he had discussed the case with his counsel, grandmother, and grandfather. Finally, defendant's counsel informed Criminal Term at the plea proceeding that the defendant's plea was legally and factually appropriate.

On appeal, defendant argues that his plea was illegally obtained. We find that contention meritless, based upon our analysis, *infra.*

As discussed *supra,* the defendant specifically consented to the filing of the SCI, which contained a charge of a hypothetical crime, and its subsequent consolidation into the existing indictment, to which the defendant entered his plea of guilty. The only function of the SCI was to add a count to the indictment, which charged attempted murder under a theory of depraved indifference, to facilitate the plea proceedings, since defendant would not plead guilty to attempted murder under an intentional murder theory. Upon this record, it is apparent to us that defendant, after voluntarily entering into the agreement, is now attempting to undo procedures which were undertaken to benefit him and made at his request. We find that equitable considerations mandate the conclusion that defendant waived his present objection concerning the SCI *(see, People v D'Amico,* 150 AD2d 276 [1st Dept 1989]).

Since defendant has presented us with no relevant legal authority from the Court of Appeals of this State which forbids the procedure employed, we find, based upon the record herein, that Criminal Term did not err in accepting defendant's plea.

Our examination of the dissent indicates that it primarily relies upon the case of *People v Banville* (134 AD2d 116 [1988]) to support the contention that the plea should be vacated. Furthermore, our review of that case indicates that it is

distinguishable, in that in *People v Banville (supra)* the defendant pleaded guilty to an SCI and the indictment was dismissed.

We find that there was no legal infirmity when defendant entered his plea in satisfaction of the consolidated indictment.

We have considered defendant's other contentions, and find them without merit.

Accordingly, we affirm. Concur—Ross, Rosenberger and Wallach, JJ.

Murphy, P. J., and Asch, J., dissent in a memorandum by Murphy, P. J., as follows: I would vacate the conviction and reinstate the indictment because the plea of guilty to the superior court information, after indictment, is jurisdictionally defective and indictment, once issued, cannot be waived where the indictment charges a class A felony. *(See, People v Banville,* 134 AD2d 116; *People v Cook,* 93 AD2d 942; NY Constitution, art I, § 6; CPL 195.10.)

By judgment rendered on July 10, 1986, defendant-appellant David Boston was convicted, upon a plea of guilty, of attempted murder in the second degree, under circumstances evincing a depraved indifference to human life, and assault in the first degree.

By indictment dated March 7, 1986, a Bronx County Grand Jury charged appellant with the same crimes, except the murder in the second degree was charged as being intentional.

On June 18, 1986, after appellant had been indicted, the People filed a superior court information, with the consent of appellant, charging depraved indifference instead of intent with respect to the attempted murder charge. The court, upon the application of the People, consolidated the information into the indictment, and appellant entered his plea.

CPL 195.10 permits waiver of indictment under certain limited circumstances, among which is the condition that the waiver be executed before the indictment is handed down. A 1974 amendment to NY Constitution, article I, § 6 permits waiver of indictment prior to indictment, but that is not what occurred here. *(See,* CPL 195.10 [2] [b].) The procedure employed here was specifically held improper by the Second Department in *People v Banville (supra).* That case reversed the conviction of a defendant who had been indicted for burglary in the second degree, and purported to waive the indictment and then plead guilty to a subsequent superior court information for the crime of burglary in the third degree. *Banville* held that by enacting CPL 195.10 the Legisla-

ture intended that the procedure for waiving indictment would be subject to precise time requirements, and "once an indictment has been returned by the Grand Jury, any subsequent waiver is indeed untimely and hence, wholly ineffective." *(Supra,* at 123.)

Accordingly, the judgment of the Supreme Court, Bronx County (Seewald, J.), rendered on July 10, 1986, convicting appellant of attempted murder in the second degree and assault in the first degree, upon a guilty plea, and sentencing appellant to concurrent indeterminate sentences of from 3 years to 9 years and 2⅓ years to 7 years, respectively, should be reversed, the plea of guilty vacated and the indictment reinstated.