■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON A. DAVIS, Appellant.—Crew III, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered April 7, 1989, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree.

On December 4, 1987 defendant was indicted and charged with two counts of murder in the second degree and one count of manslaughter in the first degree. Thereafter, on March 16, 1989, defendant was permitted to waive Grand Jury present-ment and plead guilty to a superior court information charg-ing him with attempted assault in the second degree arising out of the same transactions for which he was indicted in December 1987. At that time the indictment was dismissed. Defendant now appeals from his conviction claiming that County Court erred in its plea allocution. For the reasons that follow, we need not rule on defendant's contentions.

It is now well settled that a defendant may not waive prosecution by indictment after an indictment has been filed by a Grand Jury (e.g., People v Boston, 75 NY2d 585; People v Thomasula, 158 AD2d 126, lv granted 76 NY2d 897; People v Cook, 93 AD2d 942). Accordingly, a superior court information filed as a result of such a purported waiver is jurisdictionally defective and this court must reverse even though the precise issue was not formally raised before County Court (see, People v Banville, 134 AD2d 116).

Judgment reversed, on the law, and superior court informa-tion dismissed. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Crew III, JJ., concur.