■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMAR ALEXANDER, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered March 8, 1990, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree and reckless endangerment in the first degree.

Defendant was arrested as the result of an undercover narcotics investigation after the police, monitoring a transac-

tion involving a police informant, overheard threats directed at the informant. Defendant thereafter pleaded guilty to criminal sale of a controlled substance in the third degree and reckless endangerment in the first degree and was sentenced to concurrent prison terms of 2 to 6 years. This appeal followed.

We initially find no merit to defendant's contention that the physical evidence should have been suppressed as the fruit of an illegal arrest. The evidence adduced at the suppression hearing adequately supports the conclusion of County Court that exigent circumstances justified the warrantless police entry into defendant's residence. Because defendant was aware that he was dealing with an informant and that the transaction was being monitored, delay in the course of the investigation would have gravely endangered the informant (see, Warden v Hayden, 387 US 294, 298-299; Katz and Shapiro, NY Suppression Manual § 7.08; cf., People v Soto, 96 AD2d 741). Therefore, defendant was not arrested in violation of the principles articulated in Payton v New York (445 US 573).

We likewise reject defendant's claim that County Court abused its discretion in determining that the November 7, 1988 tape is audible. We have listened to the challenged tape and it is our view that the brief inaudible portions of the tape do not render the conversation unintelligible or invite conjecture about its contents (see, People v Maderic, 142 AD2d 892, 894; cf., People v Beasley, 98 AD2d 946, affd on mem below 62 NY2d 767).

Mikoll, J. P., Yesawich Jr., Levine and Harvey, JJ., concur. Ordered that the judgment is affirmed.