OPINION OF THE COURT
Eugene L. Nicandri, J.
FACTUAL BACKGROUND
The Attorney-General of this State has been appointed by the Governor, pursuant to Executive Law § 63, to supersede the St. Lawrence County District Attorney in the investigation and prosecution of individuals involved in what has been reported as a "gang rape” at a restaurant in Gouverneur in October 1991.
The five named defendants were indicted for rape, first degree. Upon motion of the defendants the County Court reviewed the Grand Jury minutes, and found the evidence *1120 sufficient to sustain the indictment. The motion to dismiss or reduce was denied.
Four of the defendants made confessions to the police. After a combined suppression hearing the court suppressed the statement by defendant Pistolesi, and ordered separate trials for the defendants. A trial date of June 7, 1993 was set for the first of the defendants, David Cummings.
While this indictment was pending, and without informing County Court, the District Attorney wrote to counsel for the defendants, proposing a plea bargain under terms that the People would file an information in Town Court, charging each with sexual misconduct, a misdemeanor, and further promising that the People would make no sentencing recommendation to the local court. Upon acceptance of this plea within a stated time limit, by all five defendants, and after imposition of sentence, the District Attorney promised to have the pending indictment dismissed.[1]
All five defendants accepted the offer, and in a single day, in extraordinary session on a Saturday, the People filed the misdemeanor charges, the defendants were arraigned with counsel, entered guilty pleas, and were sentenced to a $750 fine each, with one defendant also being ordered to perform 200 hours of community service.
Thereafter, the District Attorney appeared in County Court on June 9, 1993, while there on another matter, and on the record, without the presence of the defendants or their attorneys, moved to dismiss the indictment based upon the pleas in Town Court, and made the following statement: "May it please the Court, in the matter of the People against Cummings, Curcio, Hartle, Pistolesi and Streeter, the People respectfully move the Court to dismiss the indictments. These defendants have recently plead to separately filed Informations charging them with sexual misconduct. The reason I’m moving to dismiss the indictments is the evidence before the grand jury, any evidence that we could garner to take these matters to trial would be insufficient, in my estimation, even to get to the injury on the basis of not being able to prove a corpus delicti. Granted we have a confession or statement from three of them, but under 60.50 of the Criminal Proce *1121 dure Law, they cannot be convicted solely upon those statements. If they were called to testify individually in seven [sic; probably should read 'separate’ or 'several’] trials, they would be entitled to take their 5th Amendment right, and the only thing that could be done is they could be confronted with their previous statement, and under, I believe it’s 60.35 of the Criminal Procedure Law, that cannot be used as direct evidence, but only to discredit your own witness, and each one would be considered accomplices, and under another section of 60 point, I can’t remember that section, but they cannot been [sic] convicted solely upon accomplice testimony. We have no independent evidence that a crime was committed. We have a complaining witness who cannot even testify that she was at the scene of the crime, any remembrance whatever of any incident that happened. There is no forensic evidence, no clothing, no possibility of doing any DNA testing, because there was [sic] no specimens, no rape kit done. I feel that justice has been done by the pleas in local court, and we respectfully move to dismiss the indictment pending against these five defendants.” The court then and there dismissed the indictment on application of the People. The court made no findings and stated no other reasons.
Following substantial national, regional and local coverage of the case by the news media, and apparently on complaint of the victim to the Governor, the Temporary Commission of Investigation of the State of New York (the SIC) voted in July 1993 to investigate the circumstances surrounding the incident and the prosecution of the defendants. Following their investigation, including a review of the Grand Jury minutes and the relevant decisional law, the SIC recommended that the Governor appoint a Special Prosecutor. This the Governor did, by Executive Order No. 180 (9 NYCRR 4.180) on February 17, 1994.
THE PRESENT MOTION
The Attorney-General, in his capacity as Special Prosecutor, has moved in Supreme Court, St. Lawrence County, to vacate the County Court order dismissing the indictment and to reinstate the indictment against the defendants. St. Lawrence County Court Judge Eugene L. Nicandri was assigned as Acting Justice of the Supreme Court to hear the motion and to preside over any further proceedings. All named defendants were served with the motion. All have appeared by counsel *1122 except for Michael Curcio, who has not appeared before this court or answered the motion. The represented defendants have filed a joint brief in support of their separate answering papers.

Attorney-General’s Position

The Attorney-General’s position is that the court has authority to vacate County Court’s dismissal order, and to reinstate the indictment, and that it should do so because the court was misled by the District Attorney’s representations about the available evidence and the pleas in local court, on authority of Matter of Lockett v Juviler (65 NY2d 182 [1985]). It is argued that the pleas were illegal, in contravention of the plea limitations contained in CPL 220.10 (5) (d) (ii), which would have required a plea to at least a class D violent felony offense in satisfaction of the class B violent felony offense (rape, first degree) with which the defendants were charged.
The Attorney-General argues further that the local court pleas were nullities since the local court had no jurisdiction to entertain the misdemeanor prosecution under the facts and circumstances of this case. As a result of being nullities, and on authority of CPL 40.30 (2) (a), the pleas would produce no double jeopardy bar to further prosecution on the indictment. The line of cases cited by the Attorney-General in support of this view is premised chiefly on the theory that the local court is divested of jurisdiction once the indictment has been returned by the Grand Jury. (Cf., People v Anderson, 140 AD2d 528 [2d Dept 1988]; People v Phillips, 66 AD2d 696 [1st Dept 1978], affd 48 NY2d 1011 [1980]; see also, Matter of Moss v Vaughn, 164 AD2d 958 [2d Dept 1990]; People ex rel. Leventhal v Warden, 102 AD2d 317 [1st Dept 1984].)
As amplified in his memorandum of law, the Attorney-General’s position on the local court being divested of jurisdiction does not just relate to cases in which the local court exercises preliminary jurisdiction and thereafter a Grand Jury returns an indictment. Rather, it is his position that divestiture occurs whenever a Grand Jury indicts, whether by direct presentment of the case or by preliminary order of a local court, and that no local court may entertain charges subsumed under the indictment once the indictment has been returned and is pending in superior court. The rationale for this view is that to hold otherwise would allow indirect circumvention of the restrictions on plea bargaining, contained in CPL 220.10.
*1123 With respect to the legal sufficiency of the evidence available to the People at the time of their motion to dismiss, and after the court had upheld the sufficiency of the Grand Jury evidence, the Attorney-General states (1) that the District Attorney either misunderstood or mischaracterized the law concerning corroboration of confessions, and (2) that there is sufficient evidence available to the People to survive a motion to dismiss, at the end of the People’s case at trial. At oral argument the Attorney-General asserted the availability of further evidence, and offered to identify this to the court in chambers outside the hearing of the public. The court declined to conduct any proceedings in chambers.
Moreover, the Attorney-General argues, the broad scope of a District Attorney’s discretion to determine whether or not to prosecute a particular case is not the same question as whether or not, and under what circumstances he may choose to discontinue a pending prosecution. The old common-law prerogative of nolle prosequi (literally meaning "I do not wish to prosecute”) was statutorily abolished in 1881 in New York. Dismissals are now regulated by the provisions of CPL 210.20, including those relating to the interests of justice. (See, CPL 210.40; People v Douglass, 60 NY2d 194 [1983].)
Finally, with respect to the Attorney-General’s position, he argues reinstatement of the indictment would not be an exercise in futility in view of possible statutory or constitutional speedy trial concerns which might be raised by the defense under CPL 30.30 and 30.20 because both decisional law and the facts in this case would justify application of the "exceptional circumstances” exclusion of much of the time forward from the dismissal of the indictment, and the delay would not in any event rise to a constitutionally objectionable level.

Defendant’s Position

In response to the motion the defendants first argue that the rule of Matter of Lockett v Juviler (supra) (allowing a court to vacate orders obtained by misrepresentation) does not apply, because the defendants have entered a plea in a court having both subject matter and personal jurisdiction over the defendants, and the defendants have been sentenced. They rely chiefly on Matter of Campbell v Pesce (60 NY2d 165 [1983]), in which the Court of Appeals refused to allow the People to challenge an illegal plea, over defendant’s objection *1124 after the sentence commenced, other than to correct "mere clerical errors.” In Campbell v Pesce the Court was faced with the claim — as it is here — that the plea accepted by the Court violated the plea restrictions in CPL 220.10. Defendants also rely on People v Moquin (77 NY2d 449 [1991]), in which the Court of Appeals held that the rule precluding vacatur of a guilty plea at the People’s request applies when the plea was entered after dismissal of one of the counts in a multicount indictment and the dismissal ruling has later been reversed on appeal. (See also, People v Donnelly, 176 AD2d 404 [3d Dept 1991].)
Nor do the defendants concede the claimed illegality of the pleas in the local court. They note that there is no provision in the CPL prohibiting the filing of an accusatory instrument in a local court having territorial jurisdiction based on the same criminal conduct alleged in a pending indictment. Furthermore, they report being unable to locate any case law prohibiting such a filing. They note that in People v Pettway (131 Misc 2d 20 [Sup Ct, Kings County 1985]) the court upheld the action of the District Attorney in consenting to a plea bargain prohibited under CPL 220.30. In that case the prosecution moved — in the court where the indictment was pending —to dismiss felony counts, but not the whole indictment. Otherwise a felony plea would have been required because of the defendant’s prior felony conviction. The court then accepted a misdemeanor plea in satisfaction of the indictment.
Secondly, the defendants argue that the District Attorney has tremendously broad, virtually unreviewable discretion in deciding whether to prosecute a particular case, and that neither a superseding prosecutor nor the court may substitute his or its judgment for that of the prosecutor. Moreover, the argument goes, the Special Prosecutor "stands in the shoes of’ the District Attorney he supplants (the Attorney-General agrees with this narrow point). Thus, it is argued, there is no authority, in effect, for a second prosecutor to second-guess the first prosecutor’s decision to seek dismissal, by asking to have the indictment reinstated.
The defendants portray the Attorney-General as asking this court to vacate the local court pleas. They then assert that Matter of Lockett v Juviler (supra) (which can be read as authorizing this relief) does not apply in this case. The rationale for this view is the claim that in this case the plea was not obtained by fraud or misrepresentation, while in Lockett it was, and moreover, there would be a constitutional double *1125 jeopardy impediment to further prosecution on the indictment, because the local court pleas were arguably valid when made.
Next the defendants assert that the local court was never divested of jurisdiction over anything connected with the case because the charges were not initiated in the local court. According to this view, divestiture occurs only after a local court has exercised preliminary jurisdiction over an accusatory instrument containing the misdemeanor charge and then held the matter over, presumably because of related felony charges, for action by the Grand Jury.
With respect to the speedy trial issue the defendants, relying on People v Cortes (80 NY2d 201 [1992]), argue that erroneous dismissals are not exceptional circumstances which would justify exclusion of the time following the dismissals and the ensuing appointment of the Special Prosecutor. Thus, it is argued, the People were not trial ready for CPL 30.30 purposes within the required time, and the delay even amounted to one of constitutional dimension for section 30.20 purposes.
DISCUSSION
The motion before the court does not include any request for relief vacating the pleas which were accepted by the Gouverneur Town Court. The explicit position of the Attorney-General is that the pleas were a nullity because they were illegal and unauthorized, both substantively and procedurally.
The court is not asked to vacate the pleas but to ignore them. The difference is not a minor one. Matter of Campbell v Pesce and People v Moquin (supra) might be read as barring a direct motion to vacate the pleas, even though neither this court nor County Court accepted the pleas. Matter of Campbell v Pesce and People v Moquin in a sense involve questions about the finality of judgments, whereas this case presents questions about the legality of the dismissal of the indictment.
The discretion of a District Attorney to determine which cases to prosecute is not open to serious challenge. But this authority, as it relates to the dismissal of pending cases, has limits. The limits, while actually imposed on the court through CPL 210.20, are binding on both the People and the defendants. Under our current statute, cases may only be dismissed for one of the reasons provided in the statute. These reasons include dismissals in the interests of justice. (CPL *1126 210.20, 210.40.) In order to comport with the statutory framework, then, a motion whose purpose is to discontinue a prosecution on discretionary grounds must be brought within the procedural context of a dismissal in the interests of justice. Quite simply, none of the other grounds for dismissal of an indictment would cover the situation. As noted in a decision entered in Franklin County Court, a criminal prosecution may be terminated on other than technical legal and factual grounds only by application of the interests of justice criteria and procedure, and not be nolle prosequi. (People v Thompson, 107 Misc 2d 258 [Franklin County Ct 1980].)
Both statute (CPL 210.40, 210.45) and decisional law require notice, a hearing, and explicit consideration by the court of certain factors relating to the interests of justice, before such a dismissal may be granted. (People v Clayton, 41 AD2d 204 [2d Dept 1973]; People v Zagarino, 74 AD2d 115 [2d Dept 1980].) The court has an affirmative duty to explain the factors upon which it relies in granting a dismissal in the interests of justice. (People v Kirby, 92 AD2d 848 [1st Dept 1983].) The power to order such a dismissal should be sparingly used (People v Belkota, 50 AD2d 118 [4th Dept 1975]), in the rare case which "cries out for fundamental justice.” (People v Belge, 41 NY2d 60 [1976], cited in People v Litman, 99 AD2d 573 [3d Dept 1984].)
Indeed, the statute makes clear the notion that the public, too, has an interest in the dismissal, since the effect of the dismissal on the public’s confidence in the criminal justice system is a factor which must be considered in the Clayton hearing. (CPL 210.40 [1] [g].)
While it may be that County Court saw little point in denying the motion of the District Attorney to dismiss the indictment, since to do so would have forced the People to go to trial on a case which the prosecutor told the court he could not prove, at a time when the court was faced with a heavy backlog of pending cases, and when it is obvious that the defendants would not oppose the dismissal, the court should have required a hearing on notice to the defendants. Since the court did not do this, the dismissal was unauthorized by statute. (People v Lindsay, 69 AD2d 824 [2d Dept 1979].)
Had County Court conducted a hearing it would have had to evaluate, as Supreme Court now must do, the validity of the guilty pleas in the local court, as part of the process of determining whether the dismissal requested in County Court *1127 was in the interests of justice. As a part of that inquiry the court would have learned of the People’s assertion — as contained in their plea offer to the defendants — that the dismissal was favored by the District Attorney as being "in the interests of justice.” That letter, first made known to the court in connection with this motion, bases the plea squarely on interests of justice grounds, and not upon the claimed insufficiency of available proof for trial.[2]
In view of that rather substantial difference in emphasis, this court finds that County Court was not fully advised by the District Attorney’s representation concerning the pleas and justice being served in the local court.
The court has discovered no statute of case which squarely decides the issues in this motion. In such cases, as Mr. Justice Oliver Wendell Holmes, Jr. once observed: "General propositions do not decide concrete cases. The decision will depend on a judgment or intuition more subtle than any articulate major premise.”[3]
Many of the same issues, though, including the circumvention of statutory restrictions on plea bargaining, have been addressed by the appellate courts, in a somewhat different context. Where a defendant has been indicted, and the prosecutor thereafter moves to dismiss either the entire indictment or the major felony counts, replacing the dismissed counts with a superior court information, most courts have held that the resulting plea to the information is unauthorized and invalid. Until 1990 there was a split among the Departments of the Appellate Division on the subject. (See, Kelder, Criminal Procedure, 41 Syracuse L Rev 209, 238, n 143.) In the First Department, People v Boston (153 AD2d 534 [1st Dept 1989]) and People v D’Amico (150 AD2d 276 [1st Dept 1989]) upheld the waiver of indictment and subsequent plea reductions for "equitable considerations.” The other Departments disagreed. (People v Banville, 134 AD2d 116 [2d Dept 1988]; People v Cook, 93 AD2d 942 [3d Dept 1983]; see also, People v Altagracia, 149 AD2d 981 [4th Dept 1989].)
In the Third Department the rulings have declared that the People simply may not circumvent the statutory limitations on permissible plea bargains. (People v Cook, supra; see also, *1128 People v Maderic, 142 AD2d 892 [3d Dept 1988], in which the Court declared that a predicate felon may be forced to plead to a felony, as required by statute, even when the prosecutor believes that only a misdemeanor case may be proven at trial, because of the legislative restrictions on the District Attorney’s plea bargaining power. The Court cited Cook as authority for its holding.)
In a somewhat similar situation the Third Department held that a guilty plea to a superior court information, filed after the indictment was pending, was jurisdictionally defective, since the defendant cannot waive indictment after an indictment has been filed.[4] The Court reached this result even though the issue had not been raised before the County Court, and then dismissed the information. (People v Davis, 171 AD2d 957 [3d Dept 1991]; see also, People v Herne, 110 Misc 2d 152 [Franklin County Ct 1981], cited in People v Banville, supra.)
In 1990 the Court of Appeals held, in People v Boston (75 NY2d 585), that after indictment, a defendant’s waiver of indictment and plea to charges interposed in superior court by superior court information (SCI), rather than through Grand Jury action, contravened the provisions of CPL 195.10 and was void. In Boston the rationale grew out of the clear limitations on waiver of indictment, embodied in the statute, which in turn was viewed as an embodiment of both the defendant’s constitutional right to be prosecuted by indictment, and also of the public’s interest in the Grand Jury indictment procedure being followed.
Several months after Boston (supra), the Court of Appeals limited the impact of that holding by deciding, in People v D’Amico (76 NY2d 877), that when the second prosecution was commenced, not by SCI but by a felony complaint filing in the local court, after which defendant was again held for Grand Jury action, the waiver of indictment and resulting dismissal of the first indictment were valid. D’Amico was decided by a four to three majority, over a sharp dissent by now Chief Judge Kaye, who noted that "any solution [to a need for plea bargaining to avoid an unwanted and time-consuming re-presentment to a Grand Jury] should be effected within the letter and spirit of the law.” (76 NY2d, at 882.)
The Court of Appeals has reaffirmed its decision in Boston *1129 (supra) that a defendant may not waive Grand Jury indictment and plead guilty to a superior court information under CPL article 195, when there is a pending, at least partially valid indictment and "no formal preindictment status existed.” (People v Casdia, 78 NY2d 1024, 1026, cited in Greenberg, Criminal Procedure, 43 Syracuse L Rev 247, 275, n 226 [1992].)
While the rationale for the waiver of indictment cases is grounded on factors which do not directly arise when the misdemeanor charge is filed by information in the local court, it would seem anomalous and inconsistent to hold that the prosecutor should be free to dispose of a major felony in the local court by reducing it to a misdemeanor, when he could not circumvent the plea bargain restrictions in CPL article 220 by supplanting the indictment with a superior court information, charging either a lesser but unauthorized felony or a misdemeanor, filed in superior court.
The court finds that the pleas entered in Gouverneur Town Court were a nullity, since they were illegal and unauthorized. Therefore they do not bar further prosecution of the indictment. The County Court should not have dismissed the indictment without a Clayton hearing to examine the interests of justice, and the dismissal was unauthorized. For that reason this court has the authority to reinstate the indictment, and hereby orders that the order dismissing the indictment be vacated, and the indictment is hereby reinstated.
Where a District Attorney has been disqualified or superseded, that has been held to be an extraordinary circumstance excludable from calculation on the speedy trial issue. (People v Crandall, 199 AD2d 867; People v Rice, 67 AD2d 817 [4th Dept 1979]; see also, People v Coumbes, 119 AD2d 935 [3d Dept 1986], lv denied 68 NY2d 811 [1986].)
In view of both decisional law (see, People v Moore, 66 NY2d 1028 [1985]), and the acknowledgement of the Attorney-General at oral argument, both the fact that a plea was entered and any statements of the defendants made during plea allocation before the Town Court, are inadmissible in any further proceedings in this case for any purpose, either as part of the People’s direct case or for impeachment purposes.
Indictment No. 92-037 is hereby reinstated.

. The exact terms of the plea offer first became known to this court when disclosed in the answering papers on the motion seeking reinstatement of the indictment. The offer, as stated in the letter, is clearly grounded upon the "interests of justice.”

. The plea offer letter, dated April 30, 1993, appears as exhibit 3 to the affidavit of Mary Fahey, Esq., on behalf of defendant Pistolesi.

. Oliver Wendall Holmes, Jr. (1841-1935), writing in Lochner v New York (198 US 45, 76 [1905]).

. See, CPL 195.10 (2).