People v Eggleston (2019 NY Slip Op 04497)





People v Eggleston


2019 NY Slip Op 04497


Decided on June 6, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 6, 2019

108455

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
TRAVIS EGGLESTON, Appellant.

Calendar Date: April 29, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ.


Thomas F. Garner, Middleburgh, for appellant.
D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered March 21, 2016, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
Defendant was arrested in June 2015 in the Town of Rosendale, Ulster County and charged by felony complaint with criminal possession of a weapon in the third degree (see Penal Law § 265.02), arising from allegations that he possessed a .20-gauge shotgun with a barrel shorter than the legal limit. In July 2015, an Ulster County grand jury indicted defendant for criminal possession of a weapon in the second degree (see Penal Law § 265.03 [3]).
In December 2015, defendant appeared in County Court and pleaded guilty to the indictment with a commitment from the court that he would be sentenced to a prison term of five years, to be followed by five years of postrelease supervision. Following a brief recess, County Court, with defense counsel's consent, granted the People's motion to amend the indictment to include language that defendant did not possess the weapon in his home or place of business, after which defendant again pleaded guilty to the charge for a second time. Following a second recess, County Court again recalled the case, whereupon the parties agreed that the indictment would be dismissed and replaced with a superior court information (hereinafter SCI) also charging defendant with criminal possession of a weapon in the second degree. County Court granted a motion by the People, unopposed by defendant, to dismiss the indictment and, sitting as a local criminal court judge, arraigned defendant upon the original felony complaint. Defendant thereafter waived his right to indictment, waived his right to appeal and pleaded guilty, for the third time that day, to criminal possession of a weapon in the second degree as now charged in the SCI, with County Court again committing to impose a prison term of five years, to be followed by five years of postrelease supervision.
At sentencing in March 2016, County Court stated that it had reviewed defendant's presentence investigation report and was no longer willing to impose a sentence of five years, offered defendant the opportunity to withdraw his plea of guilty and indicated that, if defendant did not withdraw his guilty plea, it would sentence him to a prison term of six years, to be followed by five years of postrelease supervision. After declining the opportunity to withdraw his plea, defendant pleaded guilty to the charge of criminal possession of a weapon in the second degree for the fourth time and was sentenced to the revised period of six years in prison, to be followed by five years of postrelease supervision. Defendant appeals.
We agree with defendant's contention that the waiver of indictment and the SCI are jurisdictionally defective [FN1]. CPL 195.10 (2) (b) provides that a defendant may waive indictment and consent to be prosecuted by a SCI in "the appropriate superior court, at any time prior to the filing of an indictment by the grand jury." However, "waiver of indictment attempted after a [g]rand [j]ury actually indicts is generally invalid under CPL 195.10 (2) (b) because the plain words of the statute require a waiver be made prior to the filing of an indictment" (People v Trueluck, 88 NY2d 546, 549-550 [1996] [internal quotation marks and citation omitted]; see People v Boston, 75 NY2d 585, 589 [1990]; People v McKnight, 241 AD2d 690, 691 [1997]).
It is well settled that the general purpose and objectives of constitutional and statutory boundaries with respect to the waiver of indictment are to permit a defendant "to go directly to trial without waiting for a grand jury to hand up an indictment, [thereby] affording a defendant the opportunity for a speedier disposition of charges [and] eliminating unnecessary [g]rand [j]ury proceedings" (People v Boston, 75 NY2d at 588-589 [internal quotation marks and citation omitted]). When the grand jury has already acted, and those motivations are no longer present, waiver of indictment is not authorized, even where defendant has consented to the devised procedure (see id. at 589; People v Robbins, 283 AD2d 152, 152 [2001]; People v Davis, 171 AD2d 957, 957 [1991]; People v Cook, 93 AD2d 942, 942-943 [1983]).
Here, an indictment had been filed — to which defendant pleaded guilty — prior to defendant agreeing to be prosecuted by way of an SCI. Although the indictment was subsequently dismissed, the dismissal was not due to any defect requiring such dismissal (see CPL 210.20), County Court did not authorize resubmission of the charge to the grand jury (see CPL 210.45 [9]) and a new felony complaint was never filed. Therefore, defendant was not placed on a formal preindictment procedural track (see CPL 195.10; People v Lopez, 4 NY3d 686, 689 [2005]; People v Casdia, 78 NY2d 1024, 1026 [1991]; People v Bonnet, 288 AD2d 161, 161 [2001], lvs denied 97 NY2d 761, 754, 751 [2002]). Additionally, we note that that the SCI was also rendered jurisdictionally defective because the crime named in the SCI — criminal possession of a weapon in the second degree — is not, as required, a lesser included offense of the original charge of criminal possession of a weapon in the third degree (see People v Menchetti, 76 NY2d 473, 477 [1990]; People v Seals, 135 AD3d 985, 986 [2016]; People v Price, 113 AD3d 883, 884 [2014]). Inasmuch as the waiver of indictment and the SCI are jurisdictionally defective, defendant's remaining contentions are rendered academic.
Lynch, Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is reversed, on the law, and superior court information dismissed.



Footnotes

Footnote 1: Defendant's jurisdictional challenge is not precluded by his guilty plea and is not subject to the preservation requirements (see People v Zanghi, 79 NY2d 815, 817 [1991]; People v Hulstrunk, 163 AD3d 1177, 1178 n [2018]).